Argued November 18, reversed December 16, 1953

# EID *v.* LARSEN ET UX.

### 264 P. 2d 1051

*John F. Conway,* of Portland, argued the cause and filed a brief for appellant.

*James Arthur Powers,* of Portland, argued the cause and filed a brief for respondents.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, BRAND, TOOZE and PERRY, Justices.

## LATOURETTE, C. J.

Plaintiff, Ellen G. Eid, brought action against defendants to recover damages for alleged personal injuries arising out of a collision between her husband's automobile in which she was a passenger and the automobile driven by defendant Nan E. Larsen and belonging to her husband Charles E. Larsen. The collision happened at the intersection of 82nd avenue and Halsey street in Portland on January 19, 1951, at about 5:30 p.m. At the time of the collision the two automobiles were approaching each other when, it is alleged, the Larsen automobile made a left turn across the path of Eid's oncoming automobile. The verdict was in favor of defendants. Plaintiff appeals.

Plaintiff's only assignment of error having merit was the giving of the following instruction:

"I instruct you that defendants charge the driver of the car in which plaintiff was riding with failing to have said vehicle under proper or any control. In this regard the law is that an operator of a motor vehicle shall operate the same in such manner that at all times he shall be able to control the same, slow

down, turn out, if need be; and in this case if you find that the driver of the car in which the plaintiff was riding was negligent in this respect, you will find this issue in favor of the defendants, in which event the plaintiff would not be entitled to recover.''

Plaintiff excepted as follows:

''The plaintiff excepts to that one because of the fact that it is contrary to the law and the evidence, because Ellen Eid is not chargeable with any negligence of Arlie, and moreover, the evidence shows that Arlie Eid wasn't able to do anything when the Larsen car loomed up in his lane of traffic an instant before the collision; he didn't have time to do anything; and that is affirmative evidence and there is nothing to the contrary.''

Defendants, in their brief, admit:

'' * * * Unfortunately, the judge went on and apparently through inadvertence tacked on to the end of one of the instructions a senseless sentence, which taken alone might be said to be an inaccurate statement of the law, although the instructions when considered as a whole clearly stated the law to the jury. * * * The surplus sentence was undoubtedly a slip of the tongue, * * *''

It is argued that the giving of the challenged instruction was not reversible error because, first, the instructions taken as a whole were proper, and second, that the exception taken was insufficient to give the court an opportunity to correct the instruction.

■ The latter portion of the given instruction was not only erroneous but was prejudicial. It stated that plaintiff could not recover if her husband was negligent in driving the car. It is elementary that negligence of the driver of an automobile cannot be imputed to a passenger. It is true that the court, in another portion of its instructions, correctly instructed the jury that the

negligence of plaintiff's husband could not be charged to the plaintiff.

■■ The instruction to which exception was taken and the instruction last referred to were inconsistent. Generally, inconsistent instructions require a reversal. *Barnes v. Davidson,* 190 Or 508, 528, 226 P2d 289. Since the erroneous instruction went directly to the question of defendants' liability, the error cannot be disregarded. *Fehely v. Senders,* 170 Or 457, 480, 135 P2d 283.

■ Counsel clearly made the point of his exception when he said that the instruction was contrary to the law because ''Ellen Eid is not chargeable with any negligence of Arlie, * * *''

Reversed.