Argued October 6, affirmed November 16, 1960

# WARREN ᴇᴛ ᴜx *v.* PARSONS ᴇᴛ ᴜx

### 356 P. 2d 953

*B. G. Skulason*, Portland, argued the cause and filed briefs for the appellants.

*J. Robert Jordan*, Portland, argued the cause for respondents. With him on the brief was Philip A. Levin, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

## PERRY, J.

The plaintiffs brought this action to recover general and punitive damages for an alleged wrongful eviction. The jury returned a plaintiffs' verdict for

both general and punitive damages and the defendants appeal.

The defendants make only two assignments of error. (1) That the trial court erred in failing to sustain defendants' motion for an involuntary nonsuit after plaintiffs had rested, and (2) the trial court erred in denying defendants' motion for a directed verdict after all of the evidence had been submitted.

■ It is, of course, a well-established rule of law, requiring no citation of authority, that this court in determining these motions must consider the evidence in the light of the inferences that a jury could draw most favorable to the plaintiffs.

The record in this case discloses the defendants were the owners of a tract of farm land in Multnomah county; that plaintiffs leased this land for a period of 5 years, commencing on the 1st day of July, 1953, and terminating on the 1st day of July, 1958; that there was a house located upon the premises where the plaintiffs might reside; that plaintiffs agreed to plant and grow on the land berries and vegetables, which were to be planted, cultivated and harvested at their own expense; that plaintiffs were to pay as rent 30% of the moneys received from the sale of the crops, except that after the defendants had received the sum of $1,250 they were then to receive but 20% of the balance. Plaintiffs resided in the house upon this property until in 1957 when they purchased adjoining property and moved their persons and household goods to their newly acquired property; that on July 4, 1957, defendants, without the knowledge or permission of the plaintiffs, went upon the leased premises, disked and destroyed approximately four acres of strawberry plants, and in August, 1957, barred the defendants from access to the house by changing the locks thereon. The de-

fendants subsequently, and within the term of the lease, rented the house upon the property to some third parties.

■ From the above recital, it is certain the jury could find there was substantial interference with the plaintiffs' rights of possession to justify its conclusion that there had been a wrongful eviction of the tenant by the landlord.

The principal argument of the defendants, however, is not based on their conclusion that there was not a wrongful eviction, but on the belief the evidence of general damages is speculative, and, even if substantial, it will not support the amount of general damages found by the jury. Further, they contend there is no evidence which would justify the allowance of punitive damages.

■ As will be noted from the above statement of facts, the monetary consideration for the tenants' use of the premises was a crop rental. The record discloses the amount of strawberries raised in previous years and the net monetary returns to the plaintiffs, after deducting the expenses and landlord's share. This is a proper method of establishing the probable value of the use of property for the remaining portion of a term of occupancy. *Peck v. Ross*, 145 Or 558, 26 P2d 1081, 28 P2d 848. This evidence of damage is competent, not for the purpose of proving future profits, but for the purpose of proving the general damage, which is measured by the value of the remainder of the tenant's term less the rent reserved. 32 Am Jur 249, Landlord and Tenant § 265; 52 CJS 197, Landlord and Tenant § 461.

The defendants contend, even though there is proof of some general damage to the tenants, the showing is insufficient to support the amount set forth in the

verdict. Even if it be admitted that the evidence in the case would not by mathematical calculation support the amount of general damages found by the jury as set forth in the verdict, and is, therefore, excessive, we should not consider this contention.

██ This is a court of review, limited in general to reviewing the matters of law presented in the trial court, and, since this contention of defendants' was never submitted in any manner to the trial court, we must decline to consider it. *Richter v. Derby*, 135 Or 400, 295 P 457.

■ For the same reason (the matter was not presented to the trial court), we will not consider the sufficiency of the evidence to support a judgment for punitive damages.

The judgment of the trial court is affirmed.