Argued December 4, 1968, reversed and remanded March 12, 1969

STATE OF OREGON, *Appellant, v.*
MELVIN ERNEST TUCKER,
*Respondent.*
451 P. 2d 471

*Stephen A. Hutchinson,* Deputy District Attorney, Eugene, argued the cause for appellant. With him on

the briefs were John B. Leahy, District Attorney, and Douglas L. Melevin, Deputy District Attorney, Eugene.

Peter C. Kelsay, Eugene, argued the cause for respondent. On the brief were Dwyer & Kelsay, Eugene.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The state has appealed under ORS 138.060 from an order sustaining Melvin Ernest Tucker's demurrer to an indictment charging him with failure to provide support for minor children under ORS 167.605. The indictment alleged three counts, each for failure to support one of Tucker's three children. ORS 167.605 reads as follows:

"Any person who * * * deserts or abandons his wife, or who deserts or abandons any of his or her minor children * * * under the age of 18 years * * * or who * * * fails or neglects to support his wife, or any such minor children, shall be punished upon conviction by confinement in the penitentiary for not more than five years or by imprisonment in the county jail for not more than one year * * *."

Under the state's interpretation of the statute if convicted of each count Tucker could be sentenced to a maximum of 15 years in prison. Tucker argues that failure to support the family unit is a single offense bearing a maximum sentence of five years.

At a hearing, after arraignment, Tucker entered pleas of not guilty to all three counts. On the day set for trial, after both attorneys had announced they were ready to begin, the trial judge said that he had some difficulty with the concept of separate counts in an

indictment charging nonsupport. After a brief conference (which was reported) between the judge and both attorneys the defendant's attorney announced that the defendant demurred to the indictment. Later he said that this demurrer "should, perhaps, be in writing," but at no time did the district attorney object because the demurrer was oral only. There was a recess followed by argument on the questions presented by the demurrer. The court sustained the demurrer.

██ The statutes provide the following requirements for demurrers in criminal proceedings:

> ORS 135.610. "The demurrer shall be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

> ORS 135.620. "The demurrer shall be in writing, signed by the defendant or his attorney and filed. It shall distinctly specify the ground of objection to the indictment or it may be disregarded."

The words "such other time" in ORS 135.610 establish a discretion in the trial court to permit the filing of a demurrer at times other than arraignment. *State v. Hopkins*, 227 Or 395, 397-98, 362 P2d 378 (1961) (dictum). This court will not disturb the trial court's exercise of that discretion except in a case of clear abuse. This is not such a case.

The requirement of ORS 135.620 that the demurrer "shall be in writing  *  *  *  and filed" is aimed at giving adequate notice to the opposing party and at creating an adequate record. In this case both these interests were protected. The proceedings at which the demurrer was entered were being reported and a transcript was made available to this court on appeal. As previously noted, the state did not object to the oral

demurrer before the judge ruled on it and raises the point for the first time in this court. The Supreme Court is a court of review, limited in general to reviewing matters of law presented in the trial court. It will not consider contentions which were not submitted to the trial court. *Warren et ux v. Parsons et ux*, 224 Or 605, 356 P2d 953 (1960); *Richter v. Derby*, 135 Or 400, 295 P 457 (1931). Had the state objected at the time the demurrer was entered the defect could have been cured. The state's objection in this court comes too late. The trial judge ordered a recess giving time for counsel to research the questions involved and to prepare arguments. Under these circumstances, the requirements of ORS 135.620 were waived. We do not condone avoidance of the clear requirements of a procedural statute, however.

An indictment is sufficient to survive a demurrer if it indicts the defendant for a single crime or for multiple counts of the same charge growing out of "the same act or transaction." ORS 132.560. A motion to set aside is the appropriate method to attack flaws in the procedure of the grand jury or the absence of witnesses' names. ORS 135.510. Five grounds for demurrer to indictment are specified by statute:

ORS 135.630. "The defendant may demur to the indictment when it appears upon the face thereof that:

"(1) The grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"(2) It does not substantially conform to * * * [certain formal requirements not relevant here];

"(3) More than one crime is charged in the indictment;

"(4) The facts stated do not constitute a crime; or

"(5) The indictment contains any matter which, if true, would constitute a * * * legal bar to the action."

■ The defendant based his demurrer on the third of these grounds. That ground is inappropriate. The indictment does not charge more than one nonfeasance. It does charge multiple counts; that is, the same crime occurring three times, but it appears to be within "the same act or transaction" sanction of ORS 132.560 in this respect.

The demurrer as it was made and considered should have been overruled and for this reason reversal is ordered.

■ The trial judge and counsel were seeking to determine, where there are several members of one family living together under the same circumstances and the parent or spouse obligated to support them fails to do so as to the group, whether a separate crime can be charged under ORS 167.605 as to each member of that family group. Without evidence, it is virtually impossible in a particular case to determine the answer to this question. In other words, the variation of facts that is possible under the indictment makes the question defy a general answer. A better time to approach the problem is after evidence has been received.

We believe the demurrer, besides being misdirected, prematurely sought to raise the substantive problem at which it was directed.

The order sustaining the demurrer is reversed and the case is remanded for further proceedings consistent with this opinion.