Argued and submitted September 4, decision of Court of Appeals and judgment of
circuit court affirmed December 24, 1992

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## LARRY FLOYD WIMBER,
*Petitioner on Review.*

(CC C90-01-30494; CA A66481; SC S38863)

843 P2d 424

Wayne Mackeson, of Des Connall, P.C., Portland, argued the cause and filed the petition for petitioner on review.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent on review.

Before Carson, Chief Justice, and Peterson, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GRABER, J.

Unis, J., filed a dissenting opinion.

## GRABER, J.

This case involves the interpretation and application of statutes relating to demurrers to criminal indictments. On January 25, 1990, defendant was charged in a twelve-count indictment with three counts of sodomy in the first degree, ORS 163.405[1] (counts 1, 2, and 3), three counts of rape in the first degree, ORS 163.375[2] (counts 4, 5, and 6), and six counts of sexual abuse in the first degree, ORS 163.425 (1987)[3] (counts 7 through 12). According to the indictment, all the crimes occurred between January 25, 1984, and November 27, 1989.

---

[1] ORS 163.405 provides:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor;

"(b) The victim is under 12 years of age;

"(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse; or

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.

"(2) Sodomy in the first degree is a Class A felony."

[2] ORS 163.375 provides:

"(1) A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"(a) The victim is subjected to forcible compulsion by the person;

"(b) The victim is under 12 years of age;

"(c) The victim is under 16 years of age and is the person's sibling, of the whole or half blood, the person's child or the person's spouse's child; or

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.

"(2) Rape in the first degree is a Class A felony."

[3] ORS 163.425 (1987) provided:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"(A) The victim is less than 12 years of age; or

"(B) The victim is subjected to forcible compulsion by the actor; or

"(b) Subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

"(2) Sexual abuse in the first degree is a Class C felony."

At the beginning of trial, defendant demurred to the indictment. ORS 135.630 provides in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(4) That the facts stated do not constitute an offense; [or]

"(5) That the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action[.]"

The demurrer was based on defendant's contention that all counts in the indictment alleged conduct taking place outside the applicable statute of limitations. Defendant argued that the statute of limitations was three years, rather than six years.[4] Relying on ORS 135.640,[5] defendant contended that a demurrer on the ground that the facts stated did not constitute a crime, ORS 135.630(4), can be raised at "any time, even on appeal."

The state responded that the demurrer was untimely, because a demurrer alleging the failure of an indictment to charge offenses committed within the statute of limitations is properly classified as a demurrer on the ground that the indictment is legally barred, ORS 135.630(5). Under ORS 135.610(1),[6] a demurrer on that ground must be filed at the arraignment or at some other "allowed" time.[7] The state

---

[4] Before 1989, the statute of limitations for criminal offenses was three years. ORS 131.125 (1987). ORS 131.125 was amended in 1989 to provide a six-year statute of limitations for rape, sodomy, sexual abuse, and similar offenses "if the victim, at the time of the crime, was under 18 years of age." Or Laws 1989, ch 831, § 1. However, that statute was not made retroactive until 1991. Or Laws 1991, ch 388, § 2.

[5] ORS 135.640 provides:

"When the objections mentioned in ORS 135.630 appear upon the face of the accusatory instrument, they can only be taken by demurrer, except that the objection * * * that the facts stated do not constitute an offense, may be taken at the trial, under the plea of not guilty and in arrest of judgment."

[6] ORS 135.610(1) provides:

"The demurrer shall be entered either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

[7] The prosecutor pointed out to the trial court that, under ORS 135.610, a demurrer must be made at the time of arraignment or at such other time as may be allowed. Defendant responded:

asked that all counts of the indictment be tried, with instructions to the jury to find defendant not guilty of any offenses occurring outside the limitation period.

Instead, before trial began, the trial court amended the indictment so that the dates alleged in counts 10, 11, and 12 (sexual abuse) fell within the limitation period (January 25, 1987, through November 27, 1989). The court also amended the dates alleged in counts 7, 8, and 9 (sexual abuse), so that they fell entirely outside the limitation period (January 25, 1984, through January 24, 1987).[8] The court explained that it was not yet convinced of the legal correctness of defendant's statute of limitations argument, but that it intended to reconsider the matter:

> "It might be that you persuade me at a later time when you have had more time to brief the matter, when [the prosecutor] has, and I have had time to do my research, I might conclude your legal position is correct.

> "If I do, I want to be able to handle the case, and I want to be able to handle any verdict that has come in under the case.

> "The only way I can see to do that is to submit counts 10, 11, and 12 under one set of dates, and 1 through 9 under the other set.[9] If he gets convictions on 1 through 9, and you're correct, those would be set aside."[10]

---

"Your honor, the rule is contra when the ground is the one that I stated, the facts wouldn't constitute a crime. I argued that. I believe the Court of Appeals has so stated that you can raise *that one ground* any time, even on appeal, and it states so in the statute.

"* * * * *

"Well, I believe in — I insist respectfully that my timing is appropriate because the statute says *on this ground* you can put in a demurrer at any stage of the proceeding." (Emphasis added.)

[8] The court did not amend the dates alleged in counts 1 through 3 (sodomy) or in counts 4 through 6 (rape).

[9] We need not decide whether the trial court was correct in stating that the procedure followed here was the only one available in the circumstances.

[10] On appeal, defendant also argued that it was reversible error to admit evidence of sexual contact with the victim occurring before January 25, 1987, where he could be charged only with crimes occurring after that date. He relies on OEC 401, 403, and 404(3).

The trial court ruled, when explaining its pretrial resolution of the statute of limitations problem, that the prosecutor "can put in the same evidence" even if the trial were limited to counts 10 through 12, "because it would go to the relationship,

At the conclusion of the state's case, defendant moved for "a continuation of the demurrer that was filed." The court replied: "That's been argued. It's preserved. It's denied."

A jury found defendant guilty on count 1 and on counts 4 through 12, but not guilty on counts 2 and 3.[11] After the jury returned its verdicts, defendant renewed his demurrer. The court sustained the demurrer as to count 1 and counts 4 through 9, ordered that the verdicts of guilty thereon be vacated, and dismissed those counts. The court then imposed sentence on counts 10 through 12 and entered judgment.

Defendant appealed, assigning error to the trial court's amendment of the time period alleged in counts 10 through 12 of the indictment and to the trial court's denial of his demurrer to those counts. The Court of Appeals affirmed without opinion. *State v. Wimber*, 109 Or App 703, 820 P2d

intent, and conduct." The prosecutor also had argued that the evidence would be relevant to show motive and absence of mistake. When the trial court asked defense counsel for a response, counsel stated only that the demurrer should be sustained and that the court's resolution was not an "appropriate remedy." Defendant did not argue that the evidence would be irrelevant (OEC 401), would be unduly prejudicial (OEC 403), or would prove only defendant's character (OEC 404(3)).

At trial, the victim testified to sexual contact with defendant that occurred before January 24, 1987, as well as to contact after that date. Defendant made no objection under OEC 401, 403, or 404(3).

On this record, the evidentiary arguments that defendant now advances were not preserved for review.

[11] The jury instructions and verdict forms were consistent with the amended indictment. For example, the trial court instructed the jury:

"Now, Counts 10, 11, and 12 are charges of sexual abuse that are alleged to have occurred between January 25th, 1987 and November 27th, 1989. Here the factual allegations are the same as in Counts 7, 8, and 9, only the time period is different.

"In other words, there has to be proof that the criminal act was committed in Multnomah County, Oregon; that the defendant knowingly subjected [the victim] to sexual contact; and that [the victim] was younger than 12 years of age at the time of the sexual contact.

"But for these Counts, the State has to prove that the criminal act was committed on or between January 25, 1987, and November 27, 1989.

"In the verdict form that you will have with you in your jury room, the dates between which the criminal act must have occurred for each Count is put parenthetically following each Count to keep that straight for you."

Defendant did not challenge those instructions or the verdict form.

472 (1991). We allowed review to consider whether defendant's demurrer was timely, whether he preserved his objection to the trial court's amendment of the indictment, and whether the trial court erred in amending the indictment and denying the demurrer.[12]

We begin with the issue whether defendant's demurrer was timely. At trial and on appeal, defendant contended that the demurrer was timely, because it asserted that the facts stated in the indictment did not constitute an offense and could, therefore, be raised at any time. ORS 135.630(4); 135.640.

■    Defendant misconceives the application of ORS 135.630(4). An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense. This court stated in *State v. Holland*, 202 Or 656, 669, 277 P2d 386 (1954), that

> "[t]he essential requirement of an indictment, if it is to withstand a challenge on the ground that the facts stated do not constitute a crime, is set forth in [ORS 132.550(7)]. It must contain:
>
> > " 'A statement of the acts constituting the offense in ordinary and concise language, without repitition [*sic*], and in such manner as to enable a person of common understanding to know what is intended[.]' "

*See State v. Wagner*, 305 Or 115, 171-72, 752 P2d 1136 (1988) (upholding indictment alleging ultimate facts that made up offense); *State v. Mims*, 235 Or 540, 543-47, 385 P2d 1002 (1963) (indictment must allege all elements of statutory offense); *State v. Reynolds*, 229 Or 167, 170, 366 P2d 524 (1961) (indictment is sufficient if it sets forth elements of crime so as to inform defendant adequately of charge to be answered); *State v. Goesser*, 203 Or 315, 321-22, 280 P2d 354 (1955) (indictment must "show on its face" the essential ingredients of the crime charged); *State v. Buck*, 200 Or 83, 103, 264 P2d 1051 (1953) (indictment must charge material parts and necessary ingredients of relevant offense); *State v. Smith*, 182 Or 497, 502, 188 P2d 998 (1948) (one purpose of indictment is to inform accused of nature and character of

---

[12] We have considered defendant's other assignments of error as well, but are not persuaded by any of them.

criminal offense with which accused is charged, with sufficient particularity to enable accused to defend; where statute describes offense in generic terms, statement of particular circumstances may be necessary).

■ ■ Time is not an essential element of the offenses charged in the indictment at issue here. *See* ORS 163.405 (setting out elements of offense of sodomy in the first degree); ORS 163.375 (same for rape in the first degree); ORS 163.425 (1987) (same for sexual abuse in the first degree) (text of statutes set out in notes 1, 2, and 3, *ante*). *See also* ORS 132.550(6)[13] and ORS 135.717[14] (establishing time-related requirements for indictment). Therefore, the indictment was not required to state the precise dates on which the alleged offenses occurred. *See State v. Milbradt*, 305 Or 621, 631-32, 756 P2d 620 (1988) (indictment need not allege the specific time that the offense was committed unless time is a material element of the offense; time is not a material element of rape or sexual abuse); *State v. Howard*, 214 Or 611, 615, 331 P2d 1116 (1958) (time is not a material element of crime of sodomy and need not be alleged with exactitude in indictment); *State v. Lee*, 202 Or 592, 603-04, 276 P2d 946 (1954) (generally, time is not a material element in a criminal offense and need not be specified in indictment, although state must prove that defendant committed the offense within the applicable period of limitation).[15] Defendant's claim that the dates alleged in the indictment were outside the statute of

---

[13] ORS 132.550(6) provides:

"The indictment shall contain substantially the following:

"* * * * *

"(6) A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time."

[14] ORS 135.717 provides:

"The precise time at which the offense was committed need not be stated in the accusatory instrument, but it may be alleged to have been committed at any time before the finding thereof and within the time in which an action may be commenced therefor, except where the time is a material element in the offense."

[15] Furthermore, where the conduct constituting the offense is alleged to have taken place over a period of time, the indictment need not state the date of each instance of the conduct, but may state inclusive dates between which the conduct is alleged to have occurred. *State v. Darlene House & James House*, 260 Or 138, 145-46, 489 P2d 381 (1971).

limitations is not a claim that the facts alleged therein failed to constitute an offense.

Instead, when a demurrer contends that the conduct alleged in the indictment took place outside the applicable period of limitation, the proper ground is stated in ORS 135.630(5): "That the accusatory instrument contains matter which, if true, would· constitute a * * * legal bar to the action." Where that ground is invoked, the demurrer must be entered at the time of arraignment or "at such other time as may be allowed to the defendant for that purpose." ORS 135.610(1). Defendant's reliance on ORS 135.630(4) and ORS 135.640 for his claim that he could demur "at any time" is misplaced.

■ Defendant also argues, however, that the trial court in fact "allowed" him to enter the demurrer at some "other time" than at the arraignment, as permitted by ORS 135.610(1). During defendant's arraignment, his court-appointed counsel, who was not his counsel at trial, said: "As to each indictment we'll proceed as named, waive further reading and advice of rights, request a jury trial, enter a not guilty plea *reserving all rights against each indictment* and request dates please." (Emphasis added.) The arraignment court did not object to the proposed "reservation." Later, the trial court permitted defendant to file a demurrer at the beginning of trial and to "renew" his demurrer at the conclusion of trial.[16]

This court has not considered in detail what conduct by a trial court is sufficient to show that it "allow[ed]" a defendant to demur at some "other time." ORS 135.610(1). But, in *State v. Tucker*, 252 Or 597, 602, 451 P2d 471 (1969), this court explained:

> "The words 'such other time' in ORS 135.610 establish a discretion in the trial court to permit the filing of a demurrer at times other than arraignment. This court will not disturb the trial court's exercise of that discretion except in a case of clear abuse." *Id.* at 600 (citation omitted).

---

[16] At the conclusion of trial, the court stated: "I think [a demurrer] can be continued at any time," described the demurrer as "pending," and stated that "on the eve of trial" he had "indicated that it could be renewed or refiled at the conclusion of trial."

Here, the arraignment court did not object when defendant "reserv[ed] all rights against each indictment." Although the statements of the trial court respecting the demurrer were ambivalent,[17] the court indisputably allowed defendant to demur at the beginning of trial, and it indisputably allowed defendant to "renew" the demurrer at the end of trial. In the circumstances, we find that the court allowed defendant to demur at a time other than at the arraignment and that the court did not abuse its discretion thereby. Accordingly, the demurrer was timely.[18]

■ We next turn to the issue of the trial court's amendment of counts 10, 11, and 12 and its denial of defendant's demurrer as to those counts. The state argues that defendant did not preserve his claim of error. After reviewing the record, we conclude that defendant did preserve the claimed error; we therefore consider whether the trial court erred in amending the indictment by modifying the dates of the crimes alleged in

---

[17] When ruling after trial, the court said:

"[B]ecause the demurrer was not timely filed, I indicated that it was impossible to take it up on the eve of trial. I proceeded to trial and indicated that it could be renewed or refiled at the conclusion of trial.

"And I'm taking it up now and granting it as those counts [1 and 4 through 9].

"But I want to make it perfectly clear that in my judgment the defendant has no right to complain about mixing of these cases for trial because it was his responsibility that this matter wasn't properly considered before going to trial.

"And I can just see an imaginative lawyer somewhere down the line arguing that because evidence was received on these first counts when they were properly demurrable, that the convictions on the other three remaining counts should be retried.

"And that's just wrong. It rewards improper practices. And I just can't use strong enough language that we can't have that kind of practice engaged in in our trial courts.

"While it might be possible to just take the position of not considering the demurrers at all, I don't think that is fundamentally fair, but I feel it would be entirely unfair to all of the participants in the case to retry all of these counts because of the tardiness of the demurrer."

[18] We do not wish to be understood as approving of the practice of raising demurrers at trial. As this court stated in *State v. Montez*, 309 Or 564, 597, 789 P2d 1352 (1990):

"The proper time for defendant's objection to the indictment was before trial. A pre-trial demurrer would have given both the court and the state a timely opportunity to review the indictment and to make any necessary corrections before trial."

counts 10, 11, and 12 and in denying defendant's demurrer as to those counts.

Article VII (Amended), section 5, of the Oregon Constitution, provides in part:

"(3)   Except as provided in subsections (4) and (5) of this section, *a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.* ·

"(4)   The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5)   The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing.

"(6)   An information shall be substantially in the form provided by law for an indictment. *The district attorney may file an amended indictment* or information *whenever, by ruling of the court, an indictment* or information *is held to be defective in form.*" (Emphasis added.)

*See State v. Moyer*, 76 Or 396, 399, 149 P 84 (1915) (Oregon Constitution authorizes amendment of indictment as to form;[19] amendment as to substance is unauthorized unless approved by grand jury or authorized by law). *Cf. State v. Russell*, 231 Or 317, 322-23, 372 P2d 770 (1962) (time to amend substantial facts is while indictment is before grand jury).

We thus are presented with the question whether the trial court's shortening of the time period stated in counts 10, 11, and 12 of the indictment, so that the offenses alleged

[19] *State v. Moyer, supra,* was decided in 1915, almost 60 years before the adoption of Article VII (Amended), section 5, in 1974. The applicable phrases in the constitution were nearly identical, however. Article VII, section 18, provided in part:

"No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form[.]"

therein fell wholly within the applicable statute of limitations, altered the substance of the indictment. In *State v. Moyer, supra,* this court held that an indictment for the crime of arson, a material element of which is that a person willfully burns the property of another, must state the name of the owner of the burned property and that an amendment adding the name was one of substance. The court described matters of form as

> "matters which are not essential to the charge and merely clerical matters, such as where the defendant cannot be misled to his prejudice by the amendment[.]" 76 Or at 399.

The court went on to explain that,

> "where there is an omission or misstatement which prevents the indictment from showing on its face that an offense has been committed, or to charge the particular offense, the test [for distinguishing matters of substance from matters of form in the making of an amendment] is whether the same defense is available to the defendant after the amendment as before and upon the same evidence." *Ibid.*

A matter that is essential to show that an offense has been committed is a matter of substance. *Id.* at 400.

This court has not ruled on a challenge precisely like the one in this case. Neither have we located identical cases in other jurisdictions.[20]

■ Consistent with the holding in *State v. Moyer, supra,* our analysis proceeds as follows:

(1) Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? In this case, the answer is "no."

---

[20] Courts of other jurisdictions have held that, where time is not an essential element of the offense, amendment of the *particular* date of the alleged commission of the offense is a matter of form, not substance. *See* Annot, *Power of Court to Amend Indictment,* 7 ALR at 1531-34 (collecting cases); Annot, *Power of Court to Amend Indictment,* 68 ALR at 931 (same). *Cf. U.S. v. Goldstein,* 502 F2d 526 (3d Cir 1974) (alteration of date in indictment charging income tax evasion was substantive, not merely one of form, because date of alleged conduct was made material by statute in question).

(2)    Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy? Again, the answer is "no."

(3)    Was the amendment itself sufficiently definite and certain? It was.

Because the amendment deleted allegations, we ask one additional question.

(4)    Did the remaining allegations in the indictment state the essential elements of the offenses? They did.

In *State v. Smith*, 182 Or 497, 500-01, 188 P2d 998 (1948), this court explained that the constitutional purposes of requiring an indictment by grand jury are threefold:

"(1)    to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction."

*See also State v. Gortmaker*, 295 Or 505, 510-16, 668 P2d 354 (1983) (discussing history of grand jury). The constitutional purposes of requiring an indictment by grand jury were met here. No new or different theory, element, or crime was added. To the contrary, the indictment returned by the grand jury was narrowed. The amendment made by the trial court was a permissible amendment as to a defect in the form of the indictment, and the trial court did not err in making it.[21]

The rule under the Constitution of the United States is similar. *See Russell v. United States*, 369 US 749, 770, 82 S Ct 1038, 8 L Ed 2d 240 (1962) ("settled rule" in federal courts

---

[21] Defendant also argues that, in charging counts 10, 11, and 12, the grand jury might have had in mind only acts that occurred before January 25, 1987. Because those counts charged that the crimes occurred between January 25, 1984, and November 27, 1989, defendant's argument is inconsistent with the language of the indictment. Neither defendant nor this court is free to look behind or disregard that language. *See State v. Guse*, 237 Or 479, 481, 392 P2d 257 (1964) (court presumes that an indictment was duly returned on sufficient evidence; no authority for an accused to look behind an indictment); *State v. McDonald*, 231 Or 24, 34-35, 361 P2d 1001 (court will not examine deliberations of grand jury), *cert den* 370 US 903 (1962).

is that indictment may not be amended except by resubmission to grand jury, unless the change is "merely a matter of form"); *Berger v. United States*, 295 US 78, 82, 55 S Ct 629, 79 L Ed 1314 (1935) (amendment as to form is allowed so long as a defendant's rights are not affected and the defendant is adequately apprised of the charges). *See also U.S. v. Denny*, 165 F2d 668, 669 (7th Cir 1947) ("[e]very fact which must be proved to make the act complained of is a matter of substance, and * * * all else * * * is formal"), *cert den* 333 US 844 (1948).

Defendant's rights were not affected. He was adequately apprised of the charges against him. Nothing was added to the indictment, and the allegations remaining after the deletions stated all essential elements of the offenses. Under federal law, the trial court did not err in amending the indictment in this case.

As amended, counts 10, 11, and 12 of the indictment complied with the time requirements of ORS 132.540:

"(1)   The indictment is sufficient if it can be understood therefrom that:

"* * * * *

"(c)   The crime was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of an action therefor."

Defendant does not contend that the counts were insufficient in any other respect. The trial court did not err in denying the demurrer as to amended counts 10, 11, and 12.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**UNIS, J.,** dissenting.

The majority today holds that a trial court may amend an indictment by changing the dates between which crimes charged were alleged to have been committed, so that the charges fall within the applicable statute of limitations. The court holds that such amendments by the trial court are not amendments of substance, but are permissible amendments as to defects in the *form* of the indictment. 315 Or at 115.

I cannot join in that holding. Article VII (Amended), section 5(3), of the Oregon Constitution provides, in part, that, with exceptions not relevant here, "a person shall be charged in a circuit court with the commission of any crime punishable as a felony *only on indictment by a grand jury.*" (Emphasis added.) Article VII (Amended), section 5(6) provides, in part, that "[t]he district attorney may file an amended indictment * * * whenever, by ruling of the court, an indictment * * * is held to be defective in form."[1] In my view, the amendments made by the trial court to counts 10, 11, and 12 of the indictment were *constitutionally* prohibited amendments on matters of substance. In approving the amendments, the majority allows a trial court to usurp the constitutionally guaranteed role of the grand jury, and it denies defendant a basic protection that the guaranty of the intervention of the grand jury was designed to secure. I would, therefore, reverse the circuit court's judgment of conviction on counts 10, 11, and 12, and I would reverse the Court of Appeals' decision affirming the judgment of conviction on those counts.

Article VII (Amended), section 5, of the Oregon Constitution, in express language, makes the bringing of an indictment the exclusive province of the grand jury. The constitutional guaranty provides that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form.

In *State v. Moyer*, 76 Or 396, 398, 149 P 84 (1915),[2] this court said:

> "[T]he amendment of the indictment is authorized only by the Constitution itself in this state, which provides that it may be amended as to matter of form merely. * * * By our Constitution the defendant is entitled to be tried upon an indictment found by a grand jury who act under oath, and amendment of the indictment in matters of substance is unauthorized."

---

[1] For the full text of Article VII (Amended), section 5, of the Oregon Constitution, *see supra*, 315 Or at 113.

[2] The text of Article VII (Amended), section 5, of the Oregon Constitution is virtually identical to Article VII, section 18, which was in effect when *State v. Moyer*, 76 Or 396, 398, 149 P 84 (1915), was decided. *See* 315 Or at 113 n 19.

*See also State v. Russell,* 231 Or 317, 322-23, 372 P2d 770 (1962) ("The time to amend the substantial facts alleged in an indictment is while the indictment is before the grand jury"). Thus, neither the prosecutor nor the trial court may constitutionally amend an indictment on a matter of *substance.*

The constitutional prohibition against amendment of an indictment on a matter of substance is designed to serve two purposes: (1) to protect the right of the grand jury to determine whether a particular charge should be brought and (2) to ensure that the charge presented against a defendant was based on facts found by the grand jury.

In *State v. Moyer, supra,* this court, after observing that "[o]ur Constitution contains the only provision which authorizes * * * an amendment [of an indictment], but only as to form[,]" stated:

> "[T]here seems to be a well-recognized distinction between matters that are purely matters of form and matters that go to the substance of the indictment, namely, *formal matters which are not essential to the charge and merely clerical errors, such as where the defendant cannot be misled to his prejudice by the amendment, would be the only cases which are permissible under our Constitution.* But where there is an omission or misstatement which prevents the indictment from showing on its face that an offense has been committed, or to charge the particular offense, *the test of the amendment is whether the same defense is available to the defendant after the amendment as before and upon the same evidence."* 76 Or at 399 (emphasis added).

Matters of form include corrections of misnomers or typographical errors. LaFave and Israel, 2 Criminal Procedure 465, § 19.2. "An amendment need not[, however,] change the offense charged in order to deal with substance." *Id.* at 463, § 19.2. An amendment is automatically substantive if it "alters * * * 'essential facts that must be proved to make the act complained of a crime.' " *Id.* (quoting *Brown v. State,* 285 Md 105, 400 A2d 1133 (1979)).

An indictment in a criminal case must satisfy four objectives: (1) the *notice function,* furnishing the defendant with sufficient notice so as to enable the defendant to properly prepare his defense, *State v. Smith,* 182 Or 497, 500, 188 P2d 998 (1948); (2) the *double jeopardy function,* identifying the

crime so as to provide protection against further prosecution based on the same crime, *id.* at 501; (3) the *judicial review function*, informing the court of the facts charged so that it may determine whether the prosecution's case is based on a legally valid interpretation of the offense, *id.*; and (4) the *jurisdictional function*, requiring that the indictment is the product of the grand jury and that the *defendant is entitled to be tried only for an offense that is based on facts found by the grand jury which indicted him, see Russell v. United States*, 369 US 749, 770, 82 S Ct 1038, 8 L Ed 2d 240 (1962) (stating principle applicable to federal courts under the Fifth Amendment).

The Fifth Amendment to the United States Constitution[3] provides protections in federal courts similar to those provided in Oregon state courts under Article VII, section 5(6), of the Oregon Constitution. In *Russell v. United States, supra,* the Supreme Court of the United States said that to allow a defendant "to be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him" is to "deprive the defendant of a basic protection which the guaranty of the intervention of the grand jury was designed to secure." *Id.* In *Russell,* the defendant's convictions for refusing to answer questions when summoned before a congressional committee were reversed because the indictments were defective in failing to identify the subject under inquiry. The Court declared:

> "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." 369 US at 770.

"This underlying principle," said the Court, "is reflected by the settled rule in the federal courts that an indictment may

---

[3] The Fifth Amendment to the United States Constitution provides:

"No person shall be held to answer for a capital, or otherwise infamous crime, *unless on a presentment or indictment of a Grand Jury,* except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." (Emphasis added.)

not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Id.*

> " 'If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a [defendant's] trial for a crime, * * * may be frittered away until its value is almost destroyed. * * * Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, *if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the [defendant] can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists.*' " *Russell v. United States, supra,* 369 US at 770-71 (quoting *Ex parte Bain,* 121 US 1, 10, 13, 7 S Ct 781, 30 L Ed 849 (1887)) (emphasis added).

In *Ex parte Bain, supra,* the indictment charged the defendant with having made a false statement "with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of said association." 121 US at 4. The Supreme Court held that an amendment that did no more than strike the reference to the "Comptroller of the Currency" was impermissible, and the defendant's subsequent conviction on the amended indictment, therefore, had to be reversed. The Court rejected the view that the reference to the Comptroller was merely "surplusage" that had no bearing on the grand jury's view of the case. The Court reasoned that there may well have been at least one member of the grand jury "who was satisfied that the report was made to deceive the Comptroller, but was not convinced that it was made to deceive anybody else." *Id.* at 10. Accordingly, it could *not* be said that, "with those words stricken out, [the amended indictment] is the indictment which was found by the grand jury." *Id.*[4]

---

[4] "Read broadly, Justice Miller's opinion in *Bain* would have barred any amendment to the 'body of the indictment.' His discussion of common law authority

In this case, there is no contention that the amendment to the indictment made by the trial court corrected a misnomer or a typographical error. Rather, the amendment in this case changed the dates between which the crimes charged in counts 10, 11, and 12 were alleged to have been committed. The amendment, the majority recognizes, permitted the charges to fall *"wholly* within the applicable statute of limitations." 315 Or at 114 (emphasis added). If the offenses charged in counts 10, 11, and 12 were not *wholly* within the applicable statute of limitations before the amendment, as this court implicitly concedes, how can this court rationally conclude that the amendment made by the trial court, that changed the time period within which the offenses allegedly occurred, did not alter the substance of the indictment?

According to the indictment, the crimes charged in counts 10, 11, and 12 occurred between January 25, 1984, and November 27, 1989. After the trial court's amendment, the crimes charged in those counts occurred between January 25, 1987, and November 27, 1989. There may well have been at least one member of the grand jury, whose concurrence in the indictment was necessary, who was satisfied that the offenses occurred exclusively outside the applicable statute of limitations, *i.e.*, between January 25, 1984, and before January 27, 1987.[5] At argument, the state acknowledged that there is no way to know whether the act that formed the basis for each crime charged in counts 10, 11, and 12 of the indictment fell outside the statute of limitations. At argument, the state acknowledged that the grand jury could have found that the offenses charged in those counts of the indictment were committed before January 25, 1987, and thus

included cases that refused to permit amendments to correct a misnomer or even amendments offered with the consent of the defendant. Modern federal cases have refused to read the prohibition against amendment as so absolute. * * * *Bain* itself is still cited, however, as an illustration that a substantive change in the description of the elements of crime cannot be viewed as a matter of form, even though there is no suggestion that the change will affect the preparedness of the defendant." LaFave & Israel, 2 Criminal Procedure 465, § 19.2.

[5] Article VII (Amended), section 5(2), of the Oregon Constitution provides that "[a] grand jury shall consist of seven members * * *, five of whom must concur to find an indictment." *See also* ORS 132.360 (requiring at least five grand jurors to concur on an indictment).

outside the statute of limitations. Nonetheless, the majority concludes that the amended indictment is the product of the grand jurors and that defendant was tried only for the offenses that were based on facts found by the grand jurors that indicted him.

As defendant correctly states, and the state acknowledges, "the grand jury could just as easily have concluded that there was probable cause to believe the crimes alleged in counts 10-12 [of the indictment] occurred between January 25, 1984, and * * * January 25, 1987, as after * * * the latter date[]." "As such," defendant asserts, "the only authority which the trial court had was to allow [defendant's] demurrer [to counts 10, 11, and 12] with leave for the prosecutor to resubmit the case to the grand jury." I agree.

That a particular crime was committed within the applicable statute of limitations is a matter of *substance* is reflected in ORS 132.370, which provides:

"(1)  *When the grand jury is in doubt whether* the facts, as shown by the evidence before it, constitute *a crime in law* or whether the same *has ceased to be punishable by reason of lapse of time* or a former acquittal or conviction, it may make a presentment of the facts to the court, without mentioning the names of individuals, and ask the court for instructions concerning the law arising thereon.

"(2)  A presentment cannot be found and made to the court except as provided in subsection (1) of this section, and, when so found and presented, the court shall give such instructions to the grand jury concerning the law of the case as it thinks proper and necessary.

"(3)  A presentment is made to the court by the foreman in the presence of the grand jury. But being a mere formal statement of facts for the purpose of obtaining the advice of the court as to the law arising thereon, it is not to be filed in court or preserved beyond the sitting of the grand jury."
(Emphasis added.)

How can this court rationally conclude that defendant's rights were not affected when the statute of limitations defense that was available to defendant before the amendment was no longer available to him after the amendment? An indictment is an accusation by a grand jury that a certain person has committed a certain crime, contrary to the laws of

this state. An amendment that changes the date on which the crime charged occurred, so that it will not cease to be punishable by reason of lapse of time (*i.e.*, barred by the statute of limitations), is a matter of substance, not form. The amendments made by the trial court in this case to counts 10, 11, and 12 of the indictment may well have deprived defendant of a defense of statute of limitations.

In sanctioning the amendments to counts 10, 11, and 12 of the indictment in this case, the majority allows the trial court to speculate as to what was in the minds of the grand jury at the time that they returned the indictment, thereby depriving defendant of a basic protection that the constitutional guaranty of the intervention of a grand jury was designed to secure.

"A prosecution for an offense other than that the grand jury had in mind may be viewed * * * as no different than a prosecution without an indictment * * *." LaFave and Israel, *supra*, at 451, § 19.2. In this case, the state may well have proven defendant guilty of a different crime than that laid in the indictment returned by the grand jury. "[If the state proves] defendant guilty of a different crime from that laid in the indictment, it is in the same position in which it would find itself if it had proven him guilty of no crime at all." *State v. Russell, supra*, 231 Or at 323.[6]

For these reasons, the majority's holding that "[d]efendant's rights were not affected [by the trial court's amendment]," 315 Or at 116, is *wrong*. The amendment made by the trial court to counts 10, 11, and 12 of the indictment were unauthorized amendments of substance. I respectfully dissent.

---

[6] In *State v. Russell*, 231 Or 317, 372 P2d 770 (1962), the substitution of different property as the subject of larceny on a related offense was held to constitute an unauthorized amendment of substance.