**Richard Shawn WILCOX, Petitioner–Appellant,**

v.

**Michael McGEE, Superintendent, Columbia River Correctional Institution, Respondent–Appellee.**

No. 99–35566.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2000.

Filed Feb. 27, 2001.

William S. LaBahn, Eugene, Oregon, argued the cause for Appellant.

Jennifer S. Lloyd, Assistant Attorney General, Salem, Oregon, argued the cause for Appellee.

Before: KOZINSKI and KLEINFELD, Circuit Judges, and SCHWARZER,* District Judge.

PER CURIAM.

The Oregon Circuit Court dismissed petitioner's indictment because of technical errors. Petitioner was re-indicted, tried

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California sitting by designation.

and convicted. We consider whether the second indictment was barred by double jeopardy.

## I

Richard Shawn Wilcox was indicted for first-degree burglary, and a jury was empaneled and sworn. During the first witness's testimony, the prosecutor discovered that the indictment incorrectly listed the date and address of the alleged burglary. The state moved to amend the indictment in order to correct the error, or in the alternative, to dismiss without prejudice so that it could seek a new indictment.

Wilcox's counsel objected and argued that the case should be dismissed with prejudice because jeopardy had attached. The court granted the state's motion to dismiss, rather than amend, the indictment; it concluded that Wilcox's double jeopardy objection was not ripe. Wilcox was later re-indicted and convicted of first-degree burglary.

Wilcox filed a petition for post-conviction relief in the Oregon Circuit Court, arguing that he was denied effective assistance of counsel because his attorney had not moved to dismiss the second indictment on grounds of double jeopardy. The circuit court held in an elliptical order that the second indictment did not violate double jeopardy and so Wilcox was not denied effective assistance. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *See Wilcox v. Zenon,* 145 Or.App. 484, 928 P.2d 367 (1996), *review denied,* 325 Or. 45, 934 P.2d 1125 (1997). Wilcox filed a federal habeas petition, which the district court denied. We granted a certificate of appealability.

## II

■ **A.** Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant a habeas writ only if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

28 U.S.C. § 2254(d)(1). The "Supreme Court need not have addressed a factually identical case[;] § 2254(d) only requires that the Supreme Court clearly determine the law." *Houston v. Roe,* 177 F.3d 901, 906 (9th Cir.1999), *cert. denied,* 528 U.S. 1159, 120 S.Ct. 1168, 145 L.Ed.2d 1078 (2000). Our independent review of the legal question must "leave[] us with a 'firm conviction' that one answer, the one rejected by the [state] court, was correct and the other, the application of the federal law that the court adopted, was erroneous—in other words that clear error occurred." *Van Tran v. Lindsey,* 212 F.3d 1143, 1153– 54 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

■ Oregon argues that Wilcox procedurally defaulted the claim that his counsel was ineffective by failing to argue that the second indictment was barred by double jeopardy under *federal* law. A state prisoner does not exhaust his federal claims in state court unless he specifically indicates to that court that his claims are based on federal law. *See Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000). Wilcox argued before the circuit court that his counsel should have challenged the second indictment for violating double jeopardy under both state and federal law. Although he relied almost entirely on state law before the Oregon Court of Appeals, he did conclude by arguing that he was subjected to double jeopardy in violation of both the federal and state constitutions. And he asserted his claims under both constitutions in his petition for review before the Oregon Supreme Court. Wilcox fairly presented the federal claim to the state courts.

■ **B.** After the jury is empaneled and sworn, dismissing an indictment over the defendant's objection bars further prosecution for the same offense, unless the dismissal was required by "manifest necessity." *See Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In *Somerville,* the respondent was brought to trial on an indictment for theft.

*See id.* at 459, 93 S.Ct. 1066. Before any evidence had been presented, the prosecutor discovered that the indictment was fatally deficient under Illinois law because it failed to allege the requisite element that Somerville intended to permanently deprive the owner of his property. *See id.* at 459–60, 93 S.Ct. 1066. The trial court declared a mistrial over Somerville's objection. A second indictment was returned, Somerville's double jeopardy claim was denied, and he was subsequently convicted. *See id.*

■ The Supreme Court held that the second indictment was not barred by double jeopardy because the trial court had dismissed the original indictment for "manifest necessity." The Court explained that there is manifest necessity where the indictment is defective under state law and cannot be cured by amendment, and the defect could be successfully raised by the defendant on appeal or in a subsequent habeas corpus proceeding. *See id.* at 468, 93 S.Ct. 1066. The prosecution may not restart a criminal trial just because the indictment makes prosecution inconvenient, or because it might give the defendant grounds for appeal. Only where the error "would make reversal on appeal a certainty" is there manifest necessity. *Id.* at 464, 93 S.Ct. 1066; *see also Weston v. Kernan,* 50 F.3d 633, 638 (9th Cir.1995) ("When an error certain to result in reversal occurs, manifest necessity is apparent." (alteration and internal quotation marks omitted)).

■ Because the Oregon courts denied Wilcox's claim without explanation, we must independently review the record to determine whether it would have been clearly erroneous for them to have concluded that manifest necessity required the dismissal of the indictment. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000) (where the state court decision is "unaccompanied by any *ratio decidendi,*" an independent review is necessary to determine whether the decision was an unreasonable application of Supreme Court precedent). Specifically, we must determine whether the first indictment was fatally defective under state law.

The Oregon Supreme Court defined the standard governing the amendment of indictments in *State v. Wimber,* 315 Or. 103, 843 P.2d 424, 431 (1992) (Graber, J.). In *Wimber,* the trial court amended an indictment for multiple counts of sexual abuse to ensure that the crimes the defendant was alleged to have committed fell within the statute of limitations. *See id.* at 430. The Oregon Supreme Court held that amendments were permissible only if they altered the form, but not the substance, of the indictment. The court applied a four-part test to determine on which side of the line the amendments fell:

(1) Did the amendment alter the essential nature of the indictment against the defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? . . .

(2) Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy? . . .

(3) Was the amendment itself sufficiently definite and certain? . . .

(4) Did the remaining allegations in the indictment state the essential elements of the offenses?

*Id.* at 431. The court concluded that the amendments were merely of form because "[n]o new or different theory, element, or crime" was added. *Id.*

Applied to Wilcox's case, the answer to each of the first three criteria is probably "no," and to the fourth, "yes," which means that amending the indictment would not have made reversal on appeal a certainty. Amending the indictment would not have changed its substance, because neither time nor place is an element of the crime of burglary. *See* Or.Rev.Stat. § 164.225 ("A person commits the crime of burglary in the first degree if the person [enters or remains unlawfully in a building with intent to commit a crime therein] and the building is a dwelling."). Both indictments

charged Wilcox with the same crime. There was no showing that amendment would have prejudiced Wilcox by altering any defenses, nor does the state contend that the original indictment concerned a different burglary from the one alleged to have occurred. Indeed, the Oregon circuit court judge who considered Wilcox's petition for post-conviction relief had trouble understanding why the trial judge had dismissed the indictment, rather than amending it:

> What was the big deal over amending as to address absent some showing of prejudice? . . . . If it doesn't change the name of the crime and the defense doesn't claim any prejudice, [the trial judge] should have allowed the motion to amend, particularly if the defense lawyer is up front and says I'm going to raise double jeopardy . . . . ` [I]t sounds to me like [the trial judge] wanted to get rid of it.

Transcript of Proceedings, *Wilcox v. Zenon*, No. 94C–14082, at 14, 15 (Or.Cir.Ct. Oct. 5, 1995).

*Somerville* allows the prosecution to start from scratch only when reversible error is a certainty, not whenever prosecutorial negligence creates an arguable procedural error at trial. *See Somerville*, 410 U.S. at 464, 93 S.Ct. 1066. We believe that the variances in the first indictment were of form, rather than substance, and Oregon law would have permitted the trial court to make the necessary amendments. It's conceivable that an Oregon appellate court would have come to a different conclusion, and reversed the conviction, but more than a chance is required under *Somerville:* Reversal on appeal must be a certainty. Thus, the state has failed to demonstrate that manifest necessity required the dismissal of the original indictment, and the second indictment was barred by double jeopardy.

Wilcox's counsel failed to move for dismissal of the second indictment on grounds that were both obvious and meritorious. We can think of no strategic reason for this omission, and the state has offered none; it was simply a mistake. And, of course, failure to file a motion that would have preserved Wilcox's double jeopardy claim, clearly prejudiced Wilcox. Counsel was therefore constitutionally ineffective for failing to move to dismiss the indictment at the second trial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state courts' contrary conclusion was an unreasonable application of clearly established federal law, as announced by the United States Supreme Court.

### III

Wilcox's second trial was barred by the Double Jeopardy Clause of the Fifth Amendment. Counsel's failure to raise the issue amounted to ineffective assistance, and Wilcox was clearly prejudiced thereby. Accordingly, the judgment of the district court is **REVERSED** and the case is **REMANDED** with instructions that the district court **GRANT THE WRIT** and vacate petitioner's conviction forthwith.