Brian SASS, Petitioner–Appellant,

v.

Edward S. ALAMEIDA, Jr., Warden, et al., Respondents–Appellees.

No. 00–56317.

D.C. No. CV–97–07734–HLH(BQR).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Brian Sass, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm, in part; reverse, in part, and remand with instructions.[1]

Sass contends that his multiple convictions for second degree murder (Cal.Penal Code § 187(a)), gross vehicular manslaughter while intoxicated (Cal.Penal Code § 191.5), driving under the influence causing injury (drunk driving with injury) (Cal. Veh.Code § 23153(a)), and driving with greater than .10 percent blood alcohol causing injury (Cal. Veh.Code § 23153(b)), violate the Double Jeopardy Clause.

Sass is entitled to habeas relief if the state court's adjudication of his double jeopardy claim was contrary to clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The Double Jeopardy Clause prohibits the imposition of multiple punishments for the same of-

fense. *See Ball v. United States*, 470 U.S. 856, 864–65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) ("[A] second conviction, even if it results in no greater sentence, is an impermissible punishment."). Where the same act constitutes a violation of two distinct statutes, the test to determine whether there are two offenses or only one for double jeopardy purposes is whether each offense "requires proof of a fact which the other does not." *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Under California law, gross vehicular manslaughter while intoxicated requires proof of facts which need not be proved when the charge is murder, namely, intoxication and use of a vehicle. *See People v. Sanchez*, 24 Cal.4th 983, 103 Cal.Rptr.2d 698, 16 P.3d 118, 120–21 (2001); *cf. Brown v. Ohio*, 432 U.S. 161, 167, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (stating that a state court has the final authority to interpret its own statutes). Accordingly, we conclude that second degree murder and gross vehicular manslaughter, as defined by the California Supreme Court, do not constitute the "same offense" under *Blockburger*. Therefore, Sass's multiple convictions for those offenses did not violate the Double Jeopardy Clause. *See Blockburger*, 284 U.S. at 304.

Gross vehicular manslaughter while intoxicated, however, necessarily includes proof that a defendant committed a Cali-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Sass incorrectly states that his April 17, 2001 request for enlargement of certificate of appealability (COA) was granted by the Appel-

late Commissioner on June 4, 2001. Instead, Sass's request was construed as a motion for broader certification and referred to the merits panel for consideration. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam). Sass's motion for broader certification, now before us, is hereby denied. *See* 28 U.S.C. § 2253. Accordingly, our review is limited to the Double Jeopardy issue specified in the March 30, 2001 COA. *See id.*

fornia Vehicle Code section 23153 drunk driving with injury offense. *See People v. Miranda,* 21 Cal.App.4th 1464, 26 Cal. Rptr.2d 610, 611–12 (1994) (stating that drunk driving with injury, in violation of section 23153 is a lesser included offense of gross vehicular manslaughter while intoxicated). Because a defendant may not be convicted of both an offense and a lesser offense necessarily included within that offense, *see Rutledge v. United States,* 517 U.S. 292, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (holding that multiple convictions were barred where appellant was convicted of both greater and lesser included offense), we conclude that Sass's drunk driving with injury convictions are unauthorized punishment for a separate offense, and must be vacated. *Id.*

We, therefore, reverse the district court's denial of the writ of habeas corpus and remand with instructions to grant the writ as to both of Sass's section 23153 drunk driving with injury convictions. *Cf. Wilcox v. McGee,* 241 F.3d 1242, 1246 (9th Cir.2001) (per curiam).

**AFFIRMED,** in part; **REVERSED,** in part; and **REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.