Argued December 17, 1973, reversed and remanded January 21, reconsideration denied February 27, petition for review denied April 9, 1974

STATE OF OREGON, *Appellant, v.*
RONALD BELT (No. C 73-03-0806 Cr), *Respondent.*

517 P2d 1219

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Richard Lee Barton,* Portland, argued the cause for respondent. With him on the brief were Diane W. Spies and Sherwood, Barnes, O'Dell, Laman & Barton, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

■ The issue in this case is whether violations of state traffic laws are indictable offenses, triable in circuit court. For the reasons which follow we hold that they are.

The grand jury returned a three-count indictment, charging: (I) criminally negligent homicide, ORS 163.145 (a felony); (II) driving while under the influence of intoxicating liquor, ORS 483.992 (a misdemeanor); and (III) driving when having .15 per cent or more by weight of alcohol in the blood, ORS 483.999 (a misdemeanor). The trial judge sustained defendant's demurrer by an order which stated:

> "The Grand Jury has no authority to join in the same indictment a non-traffic offense and additional counts alleging misdemeanor traffic offenses arising out of the same act or transaction, since the exclusive procedure for the prosecution of such traffic misdemeanors is by Uniform Traffic Complaint pursuant to ORS 484.150 * * *."

ORS 484.150 (1) provides:

> "A traffic citation conforming to the requirements of this section [uniform traffic citation] *shall be used* for all traffic offenses in this state." (Emphasis supplied.)

However, ORS 484.030 (1) provides:

> "A circuit or district court has concurrent jurisdiction of all state traffic offenses, except that the circuit court has exclusive jurisdiction of the trial of criminally negligent homicide * * *."

The Constitution of the state of Oregon, Art VII (amended), § 5, provides:

> "* * *. No person shall be charged in any circuit court with the commission of any crime or *misdemeanor* defined or made punishable by any of the laws of this state, *except upon indictment* found by a grand jury * * *." (Emphasis supplied.)

Counts II and III of the indictment charge misdemeanors which are state traffic offenses as described in ORS 484.030. ORS 484.010 (9) provides:

> "'State traffic offense' means a violation of any provision of law for which a misdemeanor penalty is provided in ORS chapter * * * 483 * * *."

It follows that the only logical interpretation that can be placed upon the mandatory words of ORS 484.150 is that when the criminal process for violation of a traffic law is commenced by the issuance of a citation, the form of the citation shall be in accordance with the provisions of ORS 484.150. The constitutional provision, supra, precludes the use of a citation as the charging instrument when the jurisdiction of the circuit court is invoked under ORS 484.030 (1).

█ In arguing his demurrer defendant contended that if the state were permitted to try the defendant for the misdemeanors in circuit court, the state would be depriving defendant of his right to an unanimous six-man jury and thus depriving defendant of due

process. In his brief on appeal he offers no authority in support of his proposition and, in fact, does not discuss it beyond stating that allowing the state this option would prejudice defendant. The state did not elect to charge defendant with the misdemeanors in circuit court purely as a matter of whim or caprice. In the argument on the demurrer before the trial court the prosecutor made it clear the three charges had been brought in one indictment because of the state's concern that if it did not do so, but attempted to try the charges separately, the trial of one would be a bar to trial of the others under *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).① We know of no constitutional requirement that the state provide but one forum for the trial of a criminal charge. The fact that the defendant can be convicted by vote of ten jurors in circuit court does not deprive him of due process. *Apodaca v. Oregon,* 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

Reversed and remanded.

---

. ① Parenthetically we note that it does not necessarily follow that because we hold that the three-count indictment in this case is proper that under no circumstances can there be a severance for trial. *See,* State v. Fitzgerald, 267 Or 266, 516 P2d 1280 (1973); State v. Leverich, 14 Or App 222, 511 P2d 1265, aff'd 99 Adv Sh 331, — Or —, 522 P2d 1390 (1974); State v. Sanchez, 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973).