Argued May 17, affirmed September 6, reconsideration denied October 14,
petition for review denied December 20, 1977

## STATE OF OREGON, *Respondent,*
*v.*
## HARRY EDGAR JONES, *Appellant.*
### (No. C 76-08-11128, CA 7617)

569 P2d 19

Ancer L. Haggerty, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this case is whether prosecution of a misdemeanor in circuit court may be based on a district attorney's information without indictment, waiver of indictment or preliminary hearing. Resolution of this issue requires interpretation of the 1974 amendment to Amended Art VII, § 5, of the Oregon Constitution.

Defendant was charged in the district court with the felony of driving while suspended, ORS 487.560, and driving while under the influence of intoxicants (DUII), ORS 487.540. The DUII was charged as a crime because of defendant's prior conviction, ORS 484.365, making it a misdemeanor rather than a traffic infraction. A preliminary hearing was held where the state presented evidence only on the felony charge. Defendant was held to answer on the felony charge and the misdemeanor was consolidated for trial in the circuit court.

The state subsequently filed a district attorney's information in circuit court charging, in two counts, driving while suspended (felony) and DUII (misdemeanor). Defendant moved for dismissal of the misdemeanor and in the alternative demurred on the ground the court lacked jurisdiction to entertain the prosecution under Amended Art VII, § 5, of the Oregon Constitution. The motion was denied and the alternative demurrer overruled and defendant was subsequently found guilty of both charges.

Amended Art VII, § 5, provides:

"* * * * *

"(3) Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"(4) The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5) The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing.

"* * * * *."

Defendant argues this constitutional provision does not authorize, on its own terms, the filing of a district attorney's information to charge a person with a misdemeanor in circuit court. Rather, this article specifies that the district attorney may file an information in circuit court only in a felony case. Thus, he argues, any legislation purporting to authorize the charging of misdemeanors in circuit court by district attorney's information is beyond the power of the legislature to enact.

Prior to the amendment, Amended Art VII, § 5, provided:

"* * * No person shall be charged in any circuit court with the commission of any crime *or misdemeanor* defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; * * * Provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney. * * *" (Emphasis added.)

A comparison of the amendment with the wording of Amended Art VII, § 5, before the amendment, discloses any reference to charging a misdemeanor in circuit court was removed. Defendant is correct in stating the amended provision does not, by its terms, specifically authorize the district attorney to charge a person with a misdemeanor by information filed in circuit court since there are no terms referring to the manner of charging misdemeanors. The additional question posed is whether such a method of charging misdemeanors is precluded by the existing terms of the amendment.

[ 876 ]

■ The legislature is given authority by the constitution to create courts inferior to the Supreme Court and implicitly to specify the courts' jurisdiction and the manner in which such jurisdiction may be exercised. Amended Art VII, §§ 1, 2, and 2b, and Original Art VII, § 9. *See also, Yeaton v. Barnhart,* 78 Or 249, 150 P 742, 152 P 1192 (1915). These constitutional provisions must be construed in harmony with Amended Art VII, § 5. Reading these provisions together it is clear Amended Art VII, § 5, does not add to nor detract from the jurisdiction of the circuit court. That section merely specifies the manner in which the felony jurisdiction of the circuit court is to be exercised. By so specifying it takes that particular power from the legislature leaving the constitutional authority to provide by statute the manner in which criminal jurisdiction over nonfelony offenses may be implemented.

■ The legislature, pursuant to constitutional mandate, gave the circuit court jurisdiction over misdemeanors, ORS 46.040, and traffic offenses, ORS 484.030. If we adopt the restrictive interpretation of Amended Art VII, § 5, postulated by defendant and carried it to its logical conclusion, the constitution would not authorize the district attorney to proceed against a misdemeanant in circuit court by indictment or information since there is no specific language authorizing such procedure. The circuit court would effectively be ousted of the jurisdiction over misdemeanors which other provisions of the constitution allow. We cannot ascribe to the legislature or the voters such an intent. We conclude this amendment does not preclude the charging of a misdemeanor in circuit court by information or require an indictment or information or waiver before the information may be filed.

■ Our interpretation of this amendment is supported by the legislative history. Ordinarily courts look to the plain unambiguous language of a statute or constitutional provision in determining its application, and resort to extrinsic indicators of intent only to construe

that which is not plain or is ambiguous. *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 364 P2d 627 (1961). Although the language of Amended Art VII, § 5, appears clear in that it does not restrict the charging of misdemeanors nor provide a misdemeanor charging procedure, the difficulty lies in determining its meaning in light of the deletion of any specific reference to misdemeanors. It is appropriate to examine the legislative history to determine the intent of this deletion.

The amendment was submitted to the electorate by Senate Joint Resolution 1 (SJR 1) adopted by the 1973 Legislative Assembly. SJR 1 was prepared by the Oregon Criminal Law Revision Commission as part of the Revised Oregon Criminal Procedure Code. The object to be accomplished by the legislature in enacting SJR 1 is easily deduced from the minutes of the meeting of the Commission and its sub-committee. The sub-committee and the full Commission discussed in detail the procedure for charging felonies and misdemeanors in circuit court and the reasons for deleting any reference to misdemeanors in the amendment. The results of these discussions are reflected in the conclusions of the Commission in the written commentary to the proposed amendment;

> "Subsection (3) deletes the reference to misdemeanors and substitutes the languge, 'crime punishable as a felony.' An indictment would continue to be necessary (except under subsections (4) and (5)) to charge a person in circuit court if the crime were punishable by imprisonment in the penitentiary. However, a misdemeanor would be chargeable in circuit court under the statutory information procedures." Proposed Oregon Criminal Procedure Code, Appendix, p. 304, Commentary (1972).[1]

---

[1] The explanation in the voters' pamphlet of the proposed amendment, submitted pursuant to ORS 254.210 and ORS 254.222, contained the following:

> "Another change which the amendment would make would be to allow the district attorney to by-pass the grand jury entirely in cases involving any misdemeanor (less serious crimes which are usually punishable by no more than a year in a county jail rather than the state penitentiary) and proceed against the accused person by filing of an information in the district or circuit court."

Clearly it was the intent of this amendment not to preclude charging a misdemeanor by information in circuit court without a waiver of indictment, a preliminary hearing or waiver of preliminary hearing.

Defendant further argues there is no direct legislative authority for filing of a district attorney's information in circuit court to charge a misdemeanor. ORS 131.005(9) provides:

" 'District attorney's information' means a written accusation by a district attorney and:
"* * * * *

"(c) If, as is otherwise authorized by law, filed in circuit court to charge a person with the commission of an offense, serves as a basis for prosecution thereof."

Defendant contends the words "as is otherwise authorized by law," refers to "some authorization outside of this provision." He concludes since the constitutional amendment does not specifically authorize an information charging a misdemeanor no such authority exists and the information procedure must be restricted to felonies. As we have interpreted the amendment it does not preclude filing an information of misdemeanor, thus misdemeanors may be charged in circuit court pursuant to statutory procedure. ORS 131.005(9)(c) does not restrict the use in circuit court of informations for felonies. It provides that if the information charges the person with commission of an *offense* it serves as a basis for prosecution. *Offense* includes felonies, misdemeanors, and infractions. It follows that since the circuit court has jurisdiction of misdemeanors and traffic offenses, ORS 131.005(9)(c) authorizes charging of such offenses by district attorney's information. The phrase "as otherwise authorized by law" we interpret to apply specifically to an information charging a felony. An information of felony is authorized only if the provisions of Amended Art VII, § 5, are satisfied. Any other interpretation would render the misdemeanor jurisdiction of circuit court a nullity and effectively restrict the use of the district attorney's informations to felonies. ORS

[ 879 ]

131.005(9)(c) is plainly to the contrary, as it applies to all offenses.

Defendant's final contention is that the direct filing of a district attorney's information in circuit court charging a misdemeanor violates the due process of law and denies him the equal protection of the law quaranteed by the United States Constitution. He cites *Gerstein v. Pugh,* 420 US 103, 95 S Ct 854, 43 L Ed 2d 54 (1975).

In *Gerstein* the court was evaluating Florida criminal procedure which allowed the prosecutor to charge all crimes except capital offenses by information without a prior preliminary hearing or leave of court. As a result, the court found, a person charged by information could be detained for a substantial period solely on the decision of the prosecutor. The defendants in that case remained in custody because they were unable to post the required bond. The court posed the question for decision as follows:

> "The issue in this case is whether a person arrested and held for trial under a prosecutor's information is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty." 420 US at 105.

In answering this question in the affirmative the court grounded its decision in the Fourth Amendment. The principle of this case is merely an extension of the rule that a judicial determination of probable cause is a prerequisite to issuance of an arrest warrant.

The court specifically held a preliminary hearing or other similar adversary proceeding was not required to detain an accused prior to trial. The constitutional process would be satisfied by procedure similar to the magistrate's probable cause determination to issue an arrest or search warrant.

The issue determined in *Gerstein* is not posed in this case. An information may be filed in circuit court without any significant restraint on the defendant's

liberty.[2] The probable cause determination set out in *Gerstein* is not a prerequisite to the charging decision. Whether the Oregon procedure is sufficient to meet constitutional standards to retain an accused in custody or otherwise significantly restrain his liberty is not an issue we must decide in this case.

Defendant further contends the procedure requiring a preliminary hearing or grand jury indictment, if not waived, in charging a felony but not a misdemeanor denies him the equal protection of the law. The apparent argument is that a misdemeanant charged in circuit court should be entitled to the same prerequisites to prosecution accorded an accused felon.

■ In discussing the equal protection clause of the Fourteenth Amendment, the Oregon Supreme Court set forth the contours of the inquiry;

"* * * The Constitution does not require that a law shall affect all persons exactly alike, but there is a guaranty of like treatment to all persons similarly situated. It is not the purpose of either constitutional provision to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the courts can declare it to be beyond the legislative authority. * * *" *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955).

What is required is a rational distinction forming the basis of the classifications that result in different treatment. Such a rational distinction exists between misdemeanors and felonies.

■■ The greater penalties and more onerous consequences of a felony conviction form a rational basis for requiring a probable cause determination via preliminary hearing or grand jury indictment in order to try an accused for a felony. It is not a denial of equal

---

[2]The Supreme Court said, in footnote 26, the probable cause determination is required only for those suspects who suffer restraint on liberty other than the condition that they appear for trial. The key factor, the court said, is "significant restraint on liberty." *Gerstein v. Pugh,* 420 US 103, 125, 95 S Ct 854, 43 L Ed 2d 54 (1975).

[ 881 ]

protection to not accord a misdemeanant the same treatment. A misdemeanant charged in circuit court by information is subjected to the same statutory penalty provisions and is accorded the same procedural safeguards associated with arraignment and trial as any other misdemeanant charged in a court of limited jurisdiction. *See, State v. Belt,* 16 Or App 213, 517 P2d 1219, Sup Ct *review denied* (1974). In other words a misdemeanant charged in circuit court is treated no differently than any other misdemeanant with the exception that the forum is different.

Affirmed.