Submitted on record and briefs January 12, judgment of conviction on Count 2, assault in the second degree, vacated; remanded with instructions to enter a judgment of conviction for assault in the third degree on Count 2, and for resentencing as to all convictions; otherwise affirmed July 5, petition for review allowed October 18, 2007 (343 Or 363)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN DONOVAN PACHMAYR,
*Defendant-Appellant.*

Washington County Circuit Court
C032969CR; A126620

162 P3d 347

Timothy M. Bowman filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

WOLLHEIM, J.

---

* Sercombe, J., *vice* Riggs, S. J.

**WOLLHEIM, J.**

Defendant appeals a judgment of conviction on three counts of assault in the second degree, ORS 163.175, and three counts of failure to perform the duties of a driver, ORS 811.705. Defendant challenges only his conviction on Count 2 for assault, arguing, first, that the trial court erred in denying his motion for a judgment of acquittal, and second, that the trial court made an impermissible amendment to the indictment. We agree with defendant that the trial court made an impermissible amendment to the indictment.[1] Therefore, we vacate defendant's conviction on Count 2, and remand.

The material facts are not in dispute. On November 3, 2003, defendant was driving east along Highway 26 in Washington County when the car he was driving crossed the median and struck a west-bound vehicle head-on. Although defendant was not hurt, both occupants of the other car and the passenger in defendant's car were seriously injured. Defendant left the scene of the accident without rendering aid or providing information.

The grand jury indicted defendant. Counts 1 through 3 charged defendant with assault in the second degree—one count for each person injured in the accident. With the exception of the injured parties' names, the counts were nearly identical. However, Counts 1 and 3 of the indictment used the phrase "dangerous weapon," whereas Count 2 used the phrase "deadly weapon." Count 2 of the indictment alleged:

> "The defendant on or about November 3, 2003, in Washington County, Oregon, did unlawfully and recklessly under circumstances manifesting extreme indifference to the value of human life cause serious physical injury to Debra Loveless by means of a *deadly weapon,* to-wit: a motor vehicle."

(Emphasis added.)

---

[1] Because both parties agree that the state introduced sufficient evidence to support a conviction for assault in the third degree, we need not address defendant's motion for a judgment of acquittal.

At the end of the state's case-in-chief, defendant moved for a judgment of acquittal as to Count 2. Defendant conceded that he was driving the car; however, he argued that the state had failed to prove that the car was a *deadly* weapon as alleged in the indictment.

The state acknowledged that defendant's car was not a deadly weapon, but suggested that the wording in Count 2 was a "scrivener's error," and that Count 2 should have alleged "dangerous weapon" to mirror the language in Counts 1 and 3. The state argued that all three counts accurately listed the "weapon" that defendant used to commit the assaults as the motor vehicle he was driving.

Without explanation, the court denied defendant's motion for a judgment of acquittal. It then amended Count 2 by striking "deadly" weapon and inserting "dangerous" weapon, despite defendant's objection that such an amendment was a material change to the substance of the indictment. The jury found defendant guilty on all counts.

■ We address defendant's challenge to the amended indictment, because it is dispositive. Defendant argues that the trial court erred, as a matter of law, when it amended Count 2 of the indictment to charge assault in the second degree by means of a dangerous—as opposed to a deadly— weapon.

■■ We review a trial court's amendment of an indictment for errors of law. *State v. Wimber*, 315 Or 103, 113-15, 843 P2d 424 (1992). Under the Oregon Constitution, only a properly convened grand jury can indict a person for a felony or make an amendment to the substance of a felony indictment. Article VII (Amended), section 5, of the Oregon Constitution provides, in part:

"(3)   Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony *only on indictment by a grand jury*.

"* * * * *

"(6)   * * * The district attorney may file an *amended indictment* * * * whenever * * * an indictment * * * is held to be defective in *form*."

(Emphasis added.)

In *Wimber*, the Supreme Court divided the universe of amendments into two categories—form and substance. It reasoned that a change that affects the substance of an indictment can be made only by a grand jury. 315 Or at 113. However, a trial court may amend an indictment so long as the change goes to form only. The court then held that deleting dates to shorten the relevant time frame alleged in the indictment was a permissible change to the form of the indictment. *Id.* at 116 In reaching its conclusion, the court adopted a four-part test to determine whether an amendment of an indictment was a permissible change to form or an impermissible change to substance.

*Wimber* set out those four questions as follows:

"(1)   Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime?

"(2)   Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy?

"(3)   Was the amendment itself sufficiently definite and certain?

"[If] the amendment deleted allegations, we ask one additional question.

"(4)   Did the remaining allegations in the indictment state the essential elements of the offenses?"

*Id.* at 114-15.

When we analyze this case under *Wimber*, we conclude that the answer to the first question is "yes." Although the amendment did not alter the essential nature of the indictment against defendant, it did alter the availability to him of a defense. Count 2 charged defendant with committing assault in the second degree by means of a deadly weapon. Defendant attempted to defend against that charge by arguing that the motor vehicle he was driving did not meet the statutory definition of a deadly weapon.[2] When the trial

---

[2] ORS 161.015 provides, in part:

court amended Count 2 of the indictment to allege assault by means of a dangerous weapon, defendant could no longer avail himself of the defense, nor effectively present evidence, that his car was not a deadly weapon.[3]

We next consider whether Count 2, once we remove the disputed language, would still allege a crime. Count 2 of the indictment, without the disputed language, would read:

> "The defendant on or about November 3, 2003, in Washington County, Oregon, did unlawfully and recklessly under circumstances manifesting extreme indifference to the value of human life cause serious physical injury to Debra Loveless by means of a weapon, to-wit: a motor vehicle."

ORS 163.175 provides, in part, that:

> "(1) A person commits the crime of assault in the second degree if the person:
>
> "* * * * *
>
> "(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

Defendant argues, and we agree, that such language is insufficient to allege assault in the second degree.

The state, however, responds that we have already held that a trial court may amend an indictment by deleting "deadly" weapon and inserting "dangerous" weapon in *State v. Hanson/Hughes*, 14 Or App 586, 513 P2d 1202, *rev den*, (1973). In *Hanson/Hughes*, the two defendants were convicted of first-degree robbery. The indictment charged the

---

"(1) 'Dangerous weapon' means any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury.

"(2) 'Deadly weapon' means any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury."

[3] We recognize that, pursuant to Counts 1 and 3, defendant already had to defend against assault by means of a dangerous weapon; however, ORS 132.550(4) provides that an indictment must contain "[a] separate accusation or count addressed to each offense charged * * *." What is more, this court has held that each count in a multiple count indictment must separately allege sufficient facts to charge the crime. *State v. Johnson*, 80 Or App 350, 355, 722 P2d 1266 (1986).

defendants with use of a "deadly weapon," however, the proof at trial was that the defendants used a "dangerous weapon." Despite the confusion over the proper weapon classification, the state consistently argued the same theory of the case: The defendants used a pocketknife.

The defendants in *Hanson / Hughes* argued that the court's jury instructions usurped the grand jury's role when the trial court altered a material element of the indictment by substituting "dangerous" weapon for "deadly" weapon. On appeal, we affirmed the convictions and held that "the variance in this case was not material or prejudicial." *Id.* at 593.

Thus, the state is correct that we have previously held that the trial court could amend an indictment by deleting "dangerous" and inserting "deadly." However, we again addressed the dangerous versus deadly issue in *State v. Alben*, 139 Or App 236, 911 P2d 1239, *rev den*, 323 Or 153 (1996). There, the defendant appealed his conviction for robbery in the first degree. The defendant was charged by a grand jury indictment that stated that he was armed with a "deadly weapon, to-wit: a firearm," but the jury instructions given by the trial court included an instruction that permitted a conviction if the jury found "that * * * *defendant* * * * was armed with a deadly weapon or used a dangerous weapon* or attempted to use a dangerous weapon." *Id.* at 240. (Emphasis in original.)

Initially, the state argued that the defendant had used a nine-millimeter handgun in the robbery. The defendant, however, testified that he had participated in the robbery, but that he did not have a handgun; rather, he used only a BB pistol—a dangerous, but not deadly, weapon under the circumstances. In its closing argument, the state reasserted its theory that the defendant possessed a deadly weapon—a handgun—but also introduced an alternate theory in which the defendant would be equally culpable if he had used a dangerous weapon—the BB pistol. *Id.* at 239-40.

We reversed the conviction for first-degree robbery and remanded for a new trial, concluding that the trial court's jury instruction was an impermissible amendment to the indictment. We applied *Wimber*'s analytical framework and reasoned that "[t]he amendment provided the state with

a different theory of the case, altered the availability of defendant's defense, and prejudiced defendant's right to notice of the charges against him." *Id.* at 243.

The state argues that this case is distinguishable from *Alben* and is most closely analogous to *Hanson/Hughes*. Despite the similarities between *Hanson/Hughes* and this case, we cannot overlook that *Hanson/Hughes* was decided before *Wimber*. *Wimber* is now the law in Oregon.[4] Accordingly, when we analyze the amendment to Count 2 in light of *Wimber*'s four questions, we conclude that the amendment to the indictment was one of substance and, as such, the trial court erred, as a matter of law, when it made the amendment.

Finally, we must determine the proper disposition of this case. According to the state, if we conclude that the trial court committed reversible error when it amended Count 2, the proper remedy is to remand for entry of a conviction of assault in the third degree on that count. The state relies on *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999), in which we held:

> "Generally, a court does not have jurisdiction to convict on a charge for which the defendant was not indicted * * *. However, jurisdiction does exist to enter a conviction for an offense not expressly charged if that offense is one that is lesser included within the offense charged in the indictment * * *. An offense is lesser included of a charged crime if either of the following tests is satisfied: (1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter; or (2) the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser included offense."

(Citations omitted.)

Here, defendant was charged with assault in the second degree. Because the indictment did not allege assault in the third degree, we must determine whether assault in the

---

[4] In light of *Wimber*, *Hanson/Hughes* is no longer good law.

third degree is a lesser-included offense of assault in the second degree. If it is, the trial court has jurisdiction to enter a conviction for assault in the third degree.

■    We first consider whether the elements of assault in the third degree are subsumed in the elements of assault in the second degree. Pursuant to ORS 163.165(1)(b), a person commits assault in the third degree if the person:

> "Recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life."

ORS 163.175 provides, in part, that:

> "(1)   A person commits the crime of assault in the second degree if the person:
>
> "* * * * *
>
> "(c)  Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

Here, third-degree assault is identical to second-degree assault, except that third-degree assault does not include the words, "by means of a deadly or dangerous weapon." Stated differently, assault in the third degree is necessarily included within assault in the second degree because the elements of the former are subsumed in the latter.

■    Defendant concedes that the indictment, read without the disputed language, charges assault in the third degree. Under these circumstances, it is appropriate to enter a conviction for the lesser-included offense of assault in the third degree. Accordingly, we vacate defendant's conviction on Count 2 for assault in the second degree, and remand the case to the trial court with instructions to enter a judgment of conviction on Count 2 for the offense of assault in the third degree. Pursuant to ORS 138.222(5)(b), we remand for resentencing as to all convictions.

Judgment of conviction on Count 2, assault in the second degree, vacated; remanded with instructions to enter

a judgment of conviction for assault in the third degree on Count 2, and for resentencing as to all convictions; otherwise affirmed.