Argued and submitted August 31, affirmed October 31, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VENIAMIN N. KUZNETSOV,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR03113871, CR0314194;
A129452 (Control), A129453, A129454

170 P3d 1130

Kristin Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Kaye E. McDonald, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was charged by information with, among other offenses, misdemeanor assault in the fourth degree. ORS 163.160(1). The information alleged that, with a criminally negligent mental state, defendant caused physical injury to the victim with a deadly weapon, a vehicle. However, a vehicle is not a deadly weapon. *See State v. Hill*, 298 Or 270, 293, 692 P2d 100 (1984). Accordingly, the pertinent statute required the state to allege and prove that defendant at least recklessly caused physical injury to the victim. In order to resolve the problem with the charging instrument, the trial court allowed the state on the day of trial to file an amended information deleting the allegation that the vehicle was a deadly weapon and alleging that defendant acted recklessly.

Defendant objected to the amendment, arguing that it was one of substance, not form, and that Article VII (Amended), section 5(6), of the Oregon Constitution therefore prohibited the court from allowing the amendment. The trial court overruled the objection and allowed the amendment, and a jury convicted defendant of the charged offense based on the amended information. On appeal, defendant renews his constitutional argument that the amendment was impermissible. We affirm.

The pertinent historical facts are undisputed. Defendant drove his vehicle into the side of a minivan driven by the victim. The minivan was totaled, and the victim was hospitalized with physical injuries. Defendant was charged with multiple offenses, including fourth-degree assault. ORS 163.160(1).[1] As discussed, on the day of trial, the court allowed the state to file an amended information elevating

---

[1] ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the fourth degree is a Class A misdemeanor."

the charged mental state from criminal negligence to recklessness under ORS 163.160(1)(a), based on the state's belated realization that defendant's vehicle was not a deadly weapon for purposes of ORS 163.160(1)(b). *See, e.g., State v. Pachmayr*, 213 Or App 665, 668, 162 P3d 347, *rev allowed*, 343 Or 363 (2007) (noting state's acknowledgment that a vehicle is not a "deadly weapon" for purposes of assault statutes). We review defendant's constitutional challenge to that decision for errors of law.

Defendant argues that the amendment was prohibited by Article VII (Amended), section 5(6). Section 5, which was amended to its current form by the people in 1974, provides, in part:

"(3)   Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"(4)   The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5)   The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing.

"(6)   An information shall be substantially in the form provided by law for an indictment. *The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form.*"

(Emphasis added.) Defendant argues that, by negative implication, subsection (6) prohibits the substantive amendment of an information, because, as with amendments to grand jury indictments, that provision authorizes the amendment of informations only with respect to defects as to form.

In analyzing defendant's argument, we consider the specific wording of Article VII (Amended), section 5(6), the

case law surrounding it, and the historical circumstances that led to its creation. *See Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992) (stating methodology for interpreting constitutional provisions). We begin with the text of the provision.

A review of the text, in context, of subsection (6) reveals two immediate clues to the problem at hand. First, the subject matter of subsections (3), (4), and (5) of section 5 is felony, not misdemeanor, charging instruments. In particular, each of those subsections exclusively refers to the use of felony, not misdemeanor, charging instruments. As explained below, that exclusive focus meaningfully informs our interpretation of subsection (6). Second, it also is notable that subsection (6) is not framed in terms of a prohibition; instead, it is permissive, affirmatively allowing the amendment of an indictment or information as to matters of form. It is with those clues in mind that we examine the pertinent case law and the historical circumstances surrounding the 1974 amendment of section 5.

■    Defendant argues that case law interpreting section 5 prohibits substantive amendments to indictments and that subsection (6) treats indictments and informations interchangeably. It follows, defendant urges, that subsection (6) prohibits the substantive amendment of *any* information, including one that charges a misdemeanor. Defendant primarily relies on the Supreme Court's decision in *State v. Wimber*, 315 Or 103, 843 P2d 424 (1992). In *Wimber*, the Supreme Court divided the universe of amendments to indictments into two categories—form and substance. *Id.* at 113-15. It reasoned that a change that affects the substance of an indictment can be made only by a grand jury. *Id.* at 113. A trial court may amend an indictment only as to matters of form. *Id.* The court then held that deleting dates to shorten the relevant time frame alleged in the indictment was a permissible change to the form of the indictment. *Id.* at 116. In reaching its conclusion, the court adopted a four-part test to determine whether an amendment of an indictment constitutes a permissible change to form or an impermissible change to substance.

*Wimber* set out those four questions as follows:

"(1)   Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? * * *

"(2)   Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy? * * *

"(3)   Was the amendment itself sufficiently definite and certain? * * *

"[If] the amendment deleted allegations, we ask one additional question.

"(4)   Did the remaining allegations in the indictment state the essential elements of the offenses?"

*Id.* at 114-15.

It is undisputed that the alteration of the charged mental state in the amended information in this case was a "substantive" amendment in the parlance of *Wimber*, because it changed the state's theory of the case from a criminally negligent assault with a deadly weapon under ORS 163.160(1)(a) to a reckless assault without the use of a deadly weapon under ORS 163.160(1)(b). The question remains whether the *Wimber* analysis applies here, where, unlike in that case, the charging instrument was not a grand jury indictment but, rather, was a misdemeanor information. We conclude that it does not.

The prohibition against substantive amendments to indictments does not derive from subsection (6), but, rather, stems from the right to indictment by grand jury or, in the case of felony informations, the right to a preliminary hearing. *See* Or Const, Art VII (Amended), § 5(3) - (5). Those subsections do not provide any rights to persons charged with misdemeanors. Read in that context, subsection (6) most reasonably refers to indictments and informations that charge felonies.

*Wimber* supports that analysis. In concluding in *Wimber* that substantive amendments must be approved by a grand jury, the court relied on *State v. Moyer*, 76 Or 396,

399, 149 P 84 (1915), in which the court held that the Oregon Constitution authorized the amendment of an indictment as to form, but that an amendment as to substance is unauthorized unless approved by a grand jury or authorized by law. Although the pertinent constitutional provisions had been amended over the intervening years, the court explained its reliance on *Moyer* as follows:

"[*Moyer*] was decided in 1915, almost 60 years before the adoption of Article VII (Amended), section 5, in 1974. The applicable phrases in the constitution were nearly identical, however. Article VII, section 18, provided in part:

" 'No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form[.]' "

*Wimber*, 315 Or at 113 n 19.

■ Because *Wimber* involved an indictment, the court in that case had no need to refer to the following statement in *Moyer*:

"There seems to be a distinction made in all of the textbooks as to the amendment of matters in an indictment and matters in an information. In the former case the Constitution requires that the defendant be charged by an indictment, and these rules as to amendment do not apply thereto; but an information is not considered a charge found by a grand jury under oath. *Therefore, the Legislature may provide for the amendment of an information even in matters of substance.*"

*Moyer*, 76 Or at 401 (emphasis added). Of course, the Oregon Constitution has since been amended to provide in section 5 for the prosecution of a felony based on an information, if the defendant has received a preliminary hearing or has waived the right to an indictment or preliminary hearing. However, the operative principle remains the same: The reason that a trial court cannot allow the substantive amendment of an indictment or felony information is that such an amendment

eliminates the constitutionally guaranteed protection of grand jury or preliminary hearing approval of the change. *See, e.g., State v. Delaney*, 160 Or App 559, 567, 984 P2d 282, *rev den*, 329 Or 358 (1999) (noting that Article VII (Amended), section 5(3), prohibits amendments to indictments that "circumvent or supersede the constitutional function of the grand jury by subjecting defendant to trial and conviction based on facts materially different from those presented to the grand jury").

The constitutional history of subsection (6) reinforces that conclusion. In *State v. Jones*, 30 Or App 873, 569 P2d 19 (1977), this court considered whether, under section 5, a misdemeanor could be prosecuted in circuit court without indictment, waiver of indictment, or a preliminary hearing. *Id.* at 875. Our examination in *Jones* of the history of section 5 bears repeating in this case. After noting that section 5 was amended to its current form in 1974 as the result of a legislatively sponsored initiative measure, we stated:

"Prior to the amendment, Amended Art VII, § 5, provided:

" "* * * No person shall be charged in any circuit court with the commission of any crime *or misdemeanor* defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; * * * Provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney. * * *" (Emphasis added.)

"A comparison of the amendment with the wording of Amended Art VII, § 5, before the amendment, discloses any reference to charging a misdemeanor in circuit court was removed. Defendant is correct in stating the amended provision does not, by its terms, specifically authorize the district attorney to charge a person with a misdemeanor by information filed in circuit court since there are no terms referring to the manner of charging misdemeanors. The additional question posed is whether such a method of charging misdemeanors is precluded by the existing terms of the amendment."

*Id.* at 876. We also stated:

"Although the language of Amended Art VII, § 5, appears clear in that it does not restrict the charging of misdemeanors nor provide a misdemeanor charging procedure, the difficulty lies in determining its meaning in light of the deletion of any specific reference to misdemeanors. It is appropriate to examine the legislative history to determine the intent of this deletion.

"The amendment was submitted to the electorate by Senate Joint Resolution 1 (SJR 1) adopted by the 1973 Legislative Assembly. SJR 1 was prepared by the Oregon Criminal Law Revision Commission as part of the Revised Oregon Criminal Procedure Code. The object to be accomplished by the legislature in enacting SJR 1 is easily deduced from the minutes of the meeting of the Commission and its sub-committee. The sub-committee and the full Commission discussed in detail the procedure for charging felonies and misdemeanors in circuit court and the reasons for deleting any reference to misdemeanors in the amendment. The results of these discussions are reflected in the conclusions of the Commission in the written commentary to the proposed amendment;

" 'Subsection (3) deletes the reference to misdemeanors and substitutes the language, "crime punishable as a felony." An indictment would continue to be necessary (except under subsections (4) and (5)) to charge a person in circuit court if the crime were punishable by imprisonment in the penitentiary. However, a misdemeanor would be chargeable in circuit court under the statutory information procedures.' Proposed Oregon Criminal Procedure Code, Appendix, p. 304, Commentary (1972).[2]

"Clearly it was the intent of this amendment not to preclude charging a misdemeanor by information in circuit court without a waiver of indictment, a preliminary hearing or waiver of preliminary hearing."

*Id.* at 878-79 (footnote omitted).

---

[2] We also noted that the explanation in the voters' pamphlet stated that the amendment would "allow the district attorney to by-pass the grand jury entirely in cases involving any misdemeanor * * * and proceed against the accused person by filing of an information in the district or circuit court." *Jones*, 30 Or App at 878 n 1.

*Jones* thus supports the conclusion that nothing in section 5 imposes any restriction on a prosecutor's ability to charge misdemeanors by information. Additional history of section 5 further supports the conclusion that subsection (6) must be read in that contextual light. Although there is nothing in the minutes of the Criminal Law Revision Commission that speaks directly to subsection (6), the rationale for adopting the amendments to section 5 was to allow district attorneys to charge felonies by information rather than by indictment. At one of the subcommittee meetings, Donald Paillette, the project director who drafted the amendments, pointed out that the former constitutional provision referred to misdemeanors but that the proposed amendment omitted it. He stated that the commission was attempting, through the draft, "to remove any restriction with respect to misdemeanors. What is meant to be said is that the defendant could be charged in circuit court by an information without the preliminary hearing or without a waiver of indictment." That statement bolsters the conclusion that, although a substantive amendment to a felony information is impermissible in the absence of a new preliminary hearing or waiver of indictment, a substantive amendment to a misdemeanor information is not similarly constrained. Stated differently, the purpose of section 5 was to ensure that an indictment is approved by a grand jury or, if a felony is charged in an information, that a preliminary hearing has been held or a waiver has occurred. Because section 5 does not require a preliminary hearing for a misdemeanor in the first instance, it follows that it does not require any such hearing in order to amend a misdemeanor information.

For that reason, the cases on which defendant relies are distinguishable from the circumstances here. As discussed, *Wimber* addressed the issue whether an amendment of an indictment charging multiple felonies was one of form or substance. By contrast, here, defendant had no right in the first instance to be charged by indictment under section 5. Similarly, in *State v. Hansz*, 167 Or App 147, 149, 5 P3d 1109, *rev den*, 331 Or 244 (2000), the information charged a felony. The defendant's waiver of an indictment on that charge, however, was not a waiver of indictment with respect to future charges. Thus, if the prosecutor had amended the

substance of the felony charge without submitting it to a grand jury, obtaining a waiver, or holding a preliminary hearing, there would have been a violation of section 5. *See id.* at 151. By contrast, section 5 does not apply to misdemeanors at all.

To summarize: We conclude that, irrespective of whether the amendment is one of form or substance, Article VII (Amended), section 5(6), does not prohibit a trial court from authorizing the substantive amendment of an information charging a misdemeanor. In this case, defendant did not seek a continuance or any other relief based on the trial court's allowance of the amended information, nor does he assert that his ability to defend himself was prejudiced as a result of its late filing.[3] Accordingly, we need not consider whether, under different circumstances, the trial court might have abused its discretion in allowing the amendment.[4]

Affirmed.

---

[3] The state's theory at trial was that defendant, who had a .21 blood alcohol content, ran a red light and sideswiped the victim's vehicle. Defendant's theory was that the victim's husband, who was following behind her in another vehicle, hit her from the rear and pushed her into the path of defendant's vehicle.

[4] Defendant did not argue before the trial court, nor does he assert in his brief on appeal, that the amendment was impermissible on the ground that there is no affirmative authority for the allowance of a substantive amendment to a misdemeanor information. Accordingly, we do not consider that issue. *But see* ORS 135.680 (providing for the discharge from custody of a defendant where, after a demurrer is allowed, "the court does not allow the case to be resubmitted or an amended complaint or information filed").