Argued and submitted September 15, decision of Court of Appeals and judgment of circuit court affirmed December 18, 2008

STATE OF OREGON,
*Respondent on Review,*

*v.*

VENIAMIN N. KUZNETSOV,
*Petitioner on Review.*

(CC CR0313871, CR0314194;
CA A129452 (Control), A129453, A129454;
SC S055487)

199 P3d 311

Kristin A. Carveth, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

WALTERS, J.

**WALTERS, J.**

In this case, we address whether Article VII (Amended), section 5, of the Oregon Constitution prohibits a trial court from allowing a substantive amendment to an information charging a misdemeanor and, if not, whether the trial court has authority to do so.

The facts that present those issues arose in April 2003, when defendant drove his vehicle into the side of victim's minivan, injuring victim severely enough to require hospitalization. In December 2003, the state charged defendant by information with multiple misdemeanor offenses arising out of the collision, including fourth-degree assault. ORS 163.160(1) sets forth the elements of fourth-degree assault and provides, in part:

> "A person commits the crime of assault in the fourth degree if the person:
>
> "(a) Intentionally, knowingly or recklessly causes physical injury to another; or
>
> "(b) With criminal negligence causes physical injury to another by means of a deadly weapon."

The state alleged, under paragraph (b) of that statute, that defendant, acting with criminal negligence, injured victim with a deadly weapon—a vehicle.

After defendant had failed to appear at multiple hearings resulting in the issuance of bench warrants, the case was set for trial in May 2005. On the date of trial, the state moved to file an "amended information." The state had determined that the original information contained a potential defect. ORS 161.015(2) defines a "deadly weapon" as "any instrument * * * specifically designed for and presently capable of causing death or serious physical injury." However, an ordinary road vehicle may not meet that definition. *See State v. Pachmayr*, 344 Or 482, 485, 185 P3d 1103 (2008) (distinguishing dangerous from deadly weapons and indicating that the state may be required to adduce evidence to demonstrate that a vehicle is a deadly, as opposed to a dangerous, weapon). In its proposed amended information, the state deleted the allegations that brought the charge under ORS

163.160(1)(b)—that defendant had acted with criminal negligence and caused injury by means of a deadly weapon—and substituted an allegation that defendant had acted recklessly, thereby bringing the charge under paragraph (a) of ORS 163.160(1).

Defendant opposed the state's motion and argued that the state effectively was seeking to charge a new crime and was precluded from making that substantive amendment to the information. Moreover, defendant asserted, by the time the state sought to file the amended information, the two-year statute of limitations for bringing a charge of fourth-degree assault had run. *See* ORS 131.125(6)(b) (state must commence prosecution for fourth-degree assault within two years of the commission of the offense). It followed, defendant asserted, that that charge should be dismissed.

The state responded that it was "merely fixing a technical mistake," and the trial court permitted the amendment. The trial court determined that the amendment did not prejudice defendant because he "ha[d] been provided with * * * all of the discovery * * * which would give [him] notice, factually, of the various offense[s] that could, in fact, be charged." It further found that the statute of limitations had been tolled "by the defendant's unauthorized departure for a year and a half." *See* ORS 131.145(2) ("the period of limitation does not run during * * * [a]ny time when the accused hides within the state so as to prevent process being served upon the accused"). Consequently, the trial court allowed the filing of the amended information. The jury then convicted defendant of multiple charges, including fourth-degree assault.

Defendant timely appealed, arguing that Article VII (Amended), section 5(6), of the Oregon Constitution precluded the trial court from allowing a substantive amendment to an information such as the one that the trial court had granted and, alternatively, that the trial court lacked authority to grant the state's motion to amend the indictment. The Court of Appeals held that Article VII (Amended), section 5, does not prohibit substantive amendments to misdemeanor informations and declined to consider defendant's alternative argument because he did not raise it until oral

argument. *State v. Kuznetsov*, 215 Or App 533, 543, 543 n 4, 170 P3d 1130 (2007). For the reasons set out below, we agree with the construction of the Oregon Constitution that the Court of Appeals adopted. We also reach defendant's alternative argument and conclude that the trial court had authority to permit the substantive amendment of a misdemeanor information.

■       Article VII (Amended), section 5, articulates the constitutional requirements for the issuance of criminal charges and provides, in part:

"(3)   Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"(4)   The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5)   The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing.

"(6)   An information shall be substantially in the form provided by law for an indictment. The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

Subsections (3) to (5) of Article VII (Amended), section 5, set forth the accusatory instruments required to charge a "crime punishable as a felony." Those subsections specify that, when alleging the commission of a felony, the state either must secure an indictment from a grand jury or file an information. If the state proceeds by information, then the defendant is entitled to a preliminary hearing before a magistrate. Thus, absent a waiver, the state cannot charge a defendant with a felony unless persons outside the office of the prosecutor—either grand jurors, in the context of an

indictment, or a magistrate, in the context of an information—determine that the state has probable cause to move forward with that charge.

■■ Subsection (6) of Article VII (Amended), section 5, addresses the amendment of those accusatory instruments and provides that the state *may* file an amended "indictment or information" when a court rules that that instrument is "defective in form." Although that text is permissive, this court has long recognized that we must read it in conjunction with subsections (3) to (5) of section 5 and that, when read together, those provisions impose limits on the power of the prosecutor. The constitutionally required roles of the grand jury and the magistrate in felony cases operate as a check on the power of the district attorney and serve a critical function in protecting individual liberties. *See Pachmayr*, 344 Or at 495; *State v. Burleson*, 342 Or 697, 703, 160 P3d 624 (2007) (discussing role of grand jury); *see also State v. Freeland*, 295 Or 367, 369, 667 P2d 509 (1983) (discussing role of magistrate). Thus, this court has held that, although Article VII (Amended), section 5(6), permits district attorneys to file amended accusatory instruments to correct defects that are purely matters of form, the state must return to the grand jury or a magistrate if it wishes to make substantive amendments to *felony* indictments or informations. *State v. Wimber*, 315 Or 103, 113, 843 P2d 424 (1992).

In this case, defendant asserts that Article VII (Amended), section 5, also places constraints on the substantive amendment of a *misdemeanor* information. Defendant argues that those constraints precluded the state from seeking, and the trial court from allowing, the amendment to the information used to charge defendant. Defendant begins with the premise that the state sought an amendment of substance and not of form. Amendments to those allegations "that are essential to the charge" are considered matters of substance; all "[o]ther nonessential allegations are matters of form." *Pachmayr*, 344 Or at 489; *see also Wimber*, 315 Or at 114 ("A matter that is essential to show that an offense has been committed is a matter of substance."). The state now concedes, and we agree, that the mental state with which

defendant acted is a fact essential to the charge of fourth-degree assault and, thus, an amendment to the allegation of that fact is substantive in nature.

Defendant next argues that, unlike the subsections that precede it, subsection (6) of Article VII (Amended), section 5, does not state that it applies solely to crimes punishable as felonies and that, as a result, the state could seek, and the court could permit, only amendments to the form of the information. Defendant's argument overlooks, however, the source of the constitutional constraints on substantive amendments to informations. Those constraints do not flow from subsection 5(6) alone, but also derive from the requirement of subsections 5(3) to (5) of Article VII (Amended) that a grand jury or magistrate must authorize the filing of felony charges. Because those subsections do not require that a grand jury or magistrate authorize the filing of an original information charging a misdemeanor, neither they, nor subsection 5(6), preclude substantive amendments to such an information. We hold that there is no constitutional impediment to a district attorney filing, and a trial court allowing, a substantive amendment to a misdemeanor information.

In reaching that same conclusion, the Court of Appeals related the history of the adoption of Article VII (Amended), section 5, which was amended to its current form by voter initiative in 1974. Before that amendment, Article VII (Amended), section 5 (1973), provided that

"[n]o person shall be charged in any circuit court with the commission of any *crime or misdemeanor* defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; * * * Provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such *crime or misdemeanor* on information filed by the district attorney."

(Emphases added.) The 1974 amendment removed all references to misdemeanors, indicating that one of its purposes was to free the state from the procedural strictures applicable to felonies when charging misdemeanors. Defendant stresses that, prior to the 1974 amendment, the term "information" had been used to encompass both felony and misdemeanor

accusatory instruments, and that subsection 5(6), as opposed to the other paragraphs of section 5, continues the use of that general term. However, that drafting peculiarity is not dispositive. Read without reference to subsections (3) to (5), subsection (6) does no more than grant the district attorney the authority to file an amended information when a court rules that the original information is defective in form. The history of Article VII (Amended), section 5, reinforces our conclusion that that provision does not preclude substantive amendments of a misdemeanor information.

■　　Defendant argues, in the alternative, that no law affirmatively authorizes the court to allow substantive amendments to a misdemeanor information. Defendant raised this point for the first time at oral argument at the Court of Appeals, and, considering the issue unpreserved, that court declined to reach the merits of the argument. *Kuznetsov*, 215 Or App at 543 n 4. ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule * * *."

Although we are sympathetic with the stance adopted by the Court of Appeals, we also understand defendant's perspective. Defendant's argument at trial was that the state was precluded from amending the information to charge a new crime. The state responded by invoking Article VII (Amended), subsection 5(6), and argued that it was "merely fixing a technical mistake." Consequently, when defendant briefed his case before the Court of Appeals, he did so under the assumption that the state would argue as it had below—that the amendment in question was not substantive and therefore constitutionally permissible. At the Court of Appeals, however, the state changed its position by arguing that subsection 5(6) did not apply to misdemeanors. Although the appellate rules permit reply briefs in narrow circumstances,[1] it was not until oral argument that defendant responded that, if the state were correct about the limited reach of section 5, then no affirmative authority supported the trial court's action. Although defendant could, and

---

[1] ORAP 5.70(3)(a)(ii) provides that, "[e]xcept on request of the appellate court or on motion of a party that demonstrates the need for a reply brief, reply briefs shall not be submitted in" criminal cases.

perhaps should, have stated his complete argument in his opening brief or at least have sought leave to file a reply brief, the issue was introduced at the Court of Appeals and fully briefed in our court. We therefore address defendant's argument for the benefit of bench and bar. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (to promote judicial efficiency, unpreserved alternative ground for affirmance may be raised on appeal when, among other considerations, record has been fully developed); *Shields v. Campbell*, 277 Or 71, 77-78, 559 P2d 1275 (1977) (noting that guiding principle behind rules of preservation is "not merely to promote form over substance but to promote an efficient administration of justice").

■■   In proceeding to the merits of defendant's argument, we note that, absent some legislative or constitutional impediment, courts possess inherent authority to issue those rulings necessary to decide the issues before them. *See, e.g., State v. Robbins*, 345 Or 28, 34, 188 P3d 262 (2008) (recognizing that appellate courts' power to dismiss criminal appeal when defendant has absconded predates statutory authority to do so); *Far West Landscaping, Inc. v. Modern Merchandising, Inc.*, 287 Or 653, 658, 601 P2d 1237 (1979) (noting that "there is no doubt but that under normal circumstances trial courts have inherent authority to vacate or amend their judgments"); *McElwain v. Kabatoff*, 275 Or 393, 395, 551 P2d 105 (1976) (affirming trial court's right to enjoin parties from interviewing jurors after verdict has been reached). Although we do not take issue with that principle, we need not rest our decision on it in this instance because the Oregon legislature has recognized that trial courts have authority to allow amendments to accusatory instruments in misdemeanor cases.

The legislature provides for two forms of accusatory instruments that the state may use to charge misdemeanors—a criminal complaint and an information. The legislature has explicitly granted trial courts the authority to amend criminal complaints. ORS 133.069(4) provides that a "court may amend a complaint at its discretion." That statute does not contain an express grant of authority for a trial court to amend a misdemeanor information, but the existence of that authority is implicit in other statutory provisions. First,

although the legislature refers to a complaint and an information as two separate accusatory instruments, it provides that they serve identical functions and requires that they contain precisely the same allegations. ORS 131.005(3) (for offenses not punishable as a felony, a complaint serves as a basis for prosecution); ORS 131.005(9)(a) (for offenses not punishable as a felony an information serves as the basis for prosecution); ORS 133.007 (describing the "[s]ufficiency of information or complaint"); ORS 133.015 (providing the required "[c]ontents of information or complaint"). When used to charge misdemeanors, the singular distinguishing feature between the two instruments is that a complaint must be "verified by the oath of a person and bear[ ] an indorsement of acceptance by the district attorney," ORS 131.005(4), while an information must be "a written accusation by a district attorney." ORS 131.005(9). Second, the legislature assumes that a trial court has authority to permit an amendment to an information as well as to a complaint and provides for the consequences should a court decline to exercise that authority. ORS 135.680 provides that if, after allowance of demurrer, "the court does not allow * * * an *amended complaint or information* [to be] filed, the defendant, if in custody, shall be discharged." (Emphasis added.)

While defendant acknowledges that Oregon statutes contemplate judicial authority to permit amendments to informations, he asserts that that authority must be limited to amendments as to form. If an information is substantively deficient, defendant argues, the state either must proceed on the original information or file a new one. In defendant's words, the state cannot "alter material elements of the charged offense, type the word 'amended' across the top of the instrument, and expect to be in the same position as if that had been the allegation from the very beginning."

That argument requires the assumption that the state would expect an amended information to have the same legal effect as the original information. However, the state "heartily agrees" with defendant that "[t]he effect of a substantive alteration * * * is to create what amounts to a new information," and our view is consonant. The question whether a court has authority to permit a substantive amendment to a misdemeanor information is analytically

distinct from the question of the effect that the court must give to that amended instrument. The state may seek to amend an original information, rather than to refile it, but an amended information does not necessarily possess all of the legal attributes of the original.

To emphasize his point, defendant further assumes that, for statute of limitations purposes, a substantive amendment to an information would necessarily relate back to the date that the original information was filed, and argues from that assumption that substantive amendments are prejudicial and prohibited. Defendant's premise is again mistaken. While this court has not decided the issue, the general rule in other jurisdictions is that an amendment of an accusatory instrument will not relate back to the original for statute of limitations purposes if it substantively amends the original charges. *See, e.g., U. S. v. Schmick,* 904 F2d 936, 940 (5th Cir 1990); *U. S. v. Elliott,* 849 F2d 554, 561 (11th Cir 1988); *United States v. Sears, Roebuck & Co., Inc.,* 785 F2d 777, 778 (9th Cir), *cert den,* 479 US 988 (1986); *U. S. v. Friedman,* 649 F2d 199, 204 (3d Cir 1981); *State v. Almeda,* 211 Conn 441, 446, 560 A2d 389, 392 (1989); *State v. Chernotik,* 671 NW2d 264, 268 (SD 2003); *Benitez v. State,* 111 Nev 1363, 1365, 904 P2d 1036, 1037 (1995) (all so holding).

In this case, the trial court treated the amended information as equivalent to a newly filed information and not as one that related back to the original filing date. Nevertheless, the court determined that the filing of the amended information was timely because the limitations period had been tolled by defendant's unauthorized departure. The trial court correctly analyzed, as distinct inquiries, its authority to permit amendment of the information and the legal consequences of its exercise of that authority. In doing so, the trial court demonstrated that the label "amended" across the top of the information did not necessarily place the parties in the same position that they would have occupied had the new allegations been present at the onset of the case. Defendant's argument does not persuade us that the court's authority to permit amendments to misdemeanor informations is limited to amendments to form.

In sum, we conclude that Article VII (Amended), section 5, of the Oregon Constitution did not prohibit the trial court from granting—and that the trial court possessed authority to grant—the substantive amendment sought by the state in this case.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.